HICKMAN *v.* SWITZER.

(Division A. Oct. 23, 1939.)

[191 So. 486. No. 33970.]

**T. J. Wills**, of Hattiesburg, for appellant.

**H. H. Parker,** of Poplarville, and **U. B. Parker,** of Wiggins, for appellee.

**Smith, C. J.,** delivered the opinion of the court.

This is an appeal from an order dismissing a petition for judicial review of a contested election case under Chapter 19, Laws of Ex. Session 1935. The petition for judicial review was not accompanied when filed by the certificate of two attorneys, that the petitioner's complaint was well founded as required by Section 15 of the Statute, but such a certificate was filed three days thereafter and several days before the cause came on to be heard. On objection thereto, the petition was dismissed

on the ground that the clerk of the court was without authority to receive it unaccompanied by the required certificate. It will not be necessary for us to pass on the correctness of this ruling, for, as pointed out by counsel for appellee, the record presents no question for adjudication by the special tribunal created by the Statute to hear and determine the case.

Section 15 of the Statute requires a petition for a judicial review to set forth "with particularity wherein the executive committee . . . has wrongfully denied the relief prayed . . . for." In order for it to appear that the executive committee has wrongfully denied the relief sought, it must appear either from the petition or exhibits thereto that if the matters complained of should be decided in the complainant's favor, the result would be that he and not the contestee would be the nominee for the office in question. Without an allegation to that effect, the petition resents no cause of action.

The petition for the judicial review simply complains of the dismissal of the petitioner's protest by the executive committee. The copy of the protest before the committee simply challenges the vote of one voting precinct without setting forth what the effect of sustaining the challenge and discarding the vote of the precinct would be—whether it would change the result arrived at by the executive committee or not.

Unless discarding the challenged votes would result in the complainant being declared the party nominee, no wrong was done him by the executive committee in dismissing his protest. That such would be the result of discarding the challenged votes should have appeared from the protest, without which it presented no ground for relief—no wrong to be righted. In this connection, see Shaw v. Burnham, (Miss.), 191 So. 484, this day decided.

Affirmed.