## TRAHAN *v.* SIMMONS.

(In Banc. May 26, 1941.)

[2 So. (2d) 575. No. 34600.]

354

**F. D. Hewitt,** of McComb, for appellant.

**B. D. Statham,** of Magnolia, for appellee.

Argued orally by **F. D. Hewitt**, for appellant, and by **Gordon Roach**, for appellee.

**Griffith, J.,** delivered the opinion of the court.

At a special election held in the Fifth District of Pike County on September 10, 1940, for the election of a justice of the peace to fill the vacancy caused by the death of the incumbent, the parties hereto were the only candidates, and according to the returns certified by the election commissioners appellee Simmons received 170 votes and appellant Trahan, 166 votes. Appellant contested the election by the procedure provided by law, and, on the trial, it was admitted by an agreed statement of facts, dictated into the record, that there were 22 illegal votes cast and counted in this election which were included in the totals certified by the election commissioners.

It was distinctly announced by this Court in Hayes v. Abney, 186 Miss. 208, 188 So. 533, 535, that "where enough illegal votes were cast to change the result or leave it in doubt, the election is void." The rule as stated, whatever may be its ultimate effect, is applicable, however, only when the attorney general or district attorney has, in such a case, instituted an action in quo warranto, solely in the name of the State, to oust a person who has intruded himself into office under an election void for the stated reason. It can have no application in an election contest between the candidates wherein the candidate certified as having lost seeks, not to avoid the election, but to avail of it and to show by his contest that in fact

he was elected by the majority of the qualified voters who voted. In such a contest he has the burden of the proof; and manifestly this is not met simply by showing that enough illegal votes were cast to change the result or leave it in doubt.

And the contestant in making his proof cannot be allowed to place on the witness stand the qualified voters and show by them for whom they voted. Under our secret ballot system a qualified voter cannot be thus interrogated. But this exemption does not belong to an illegal voter. Such a person is not a voter, and his wrongful assertion and exercise of the privileges of a voter do not make him such. An extended examination of the authorities, many of which are noted in 20 C. J., pp. 246, 247, when read in the light of the implications in Kelly v. State, 79 Miss. 168, 30 So. 49, has convinced us that an illegal voter may be summoned as a witness and be put on the stand and compelled to disclose for whom he cast his illegal ballot.

It follows from what has been said that the manner, and ordinarily the only practicable manner, by which a contestant may show that in fact he was elected by the majority of the legal voters is to put on the stand the illegal voters, or enough of them, and to show by them, or enough of them, that their illegal ballots were cast for his opponent. Of the 22 illegal ballots cast and counted in the election now under consideration, appellant called 21 of the disqualified and illegal voters who participated therein and offered to prove by each one of them that he or she cast his ballot for appellee, the alleged successful candidate, but the court rejected the offer and declined to allow the proof.

This in our opinion, as already indicated, was error. And when it is said that such proof would not aid to make certain that which was uncertain because illegal voters could not be safely relied upon, even under oath, to state the truth as to how they voted, the reply must be (1) that, as already mentioned, such a recourse is ordinarily

the only practicable method which is available under the law, and (2) the risk or danger of perjury is one which attends all litigation, and is a risk with which candidates must be encumbered, no less than other litigants, when, as was the case here, enough illegal votes have been cast to leave it in doubt as what was the will of the legal voters who participated in the election.

Reversed and remanded.