DARNELL *v.* MYRES.

(Division B. Nov. 10, 1947. Suggestion of Error Overruled Jan. 12, 1948.)

[32 So. (2d) 684. No. 36727.]

Brunini, Brunini & Everett, of Vicksburg, and R. M. Rutledge, of Jackson, for appellant.

**Ernest Kellner**, of Greenville, for appellee.

**Griffith, P. J.,** delivered the opinion of the court.

The county executive committee met on August 27, 1947, and canvassed the returns from the second primary election held the day before, and declared that John Allen Darnell had received for the office of sheriff and tax collected 272 votes and his opponent J. S. Myres 265 votes, and declared the nominee accordingly. On September 13, 1947, Myres filed with the executive committee his contest, in response to which the committee assembled, after due notice, on September 23, 1947, and heard the contest, as a result of which it found that the correct result of the primary was Myres 267 votes and Darnell 263 votes and so ordered.

On October 1, 1947, Darnell filed his petition for a judicial review, but he did not exhibit with his petition and make a part thereof a copy of his answer filed before the executive committee to the contest by Myres, for which reason the chancellor presiding in the court of judicial review dismissed his petition, from which he has appealed here.

A fundamental consideration must always be kept in mind as regards judicial reviews of primary election contests, and that is this:

It is plain enough on a careful analysis of Sec. 15, Chap. 19, Laws 1935, Ex. Sess., Sec. 3182, Code 1942, that what the special tribunal created under that chapter is to hear and determine is in what respect or respects the party "executive committee has wrongfully . . . denied

the relief prayed by said contest,'' meaning of course the contest theretofore filed by the contestant with and before the executive committee under Sec. 3143, Code 1942. So it is then that Sec. 15, Sec. 3182, requires that the petition for a judicial review shall exhibit as an essential part of the petition a sworn copy of his protest or complaint theretofore made before the executive committee, from which it follows that if the contestant made no protest or contest in writing before the executive committee, there can be no jurisdiction in the special tribunal to review the action of the executive committee, and further that unless a sworn copy of his said protest or contest before the executive committee is made a part of his petition for a judicial review, the said petition will present no cause of action for such a review.

It follows further that the special judicial tribunal will have no authority to review or examine into matters not presented by the original contest or protest before the executive committee, save as to matters germane which happened during or since the hearing before the excutive committee, and save as to matters merely explanatory or incidental as mentioned in Harris v. Stewart, 187 Miss. 489, 507, 193 So. 339. And we have consistently held that the protest before the executive committee must show specifically, and not by generalities, what wrong or wrongs or illegalities the contestant complains of, and that thereby a wrong was done him in declaring his opponent the party nominee. See for instance, Hickman v. Switzer, 186 Miss. 720, 191 So. 486.

So much for what a contestant must do in order to have his contest reviewed. Appellant says that Sec. 3143, Code 1942, does not require an answer by the contestee to be filed before the executive committee, and that although Subsection (b), Sec. 15, Sec. 3183, requires an answer by the contestee to the petition for a judicial review, his said answer is not required to exhibit his answer to the contest before the executive committee, no such answer before the executive committee being necessary.

If what is omitted in these statutes is to control, then it may be pointed out that there is no express provision in the statutes that a contestee may have a judicial review from a decision of the executive committee in favor of the contestant. Upon the effect of such omissions, and with respect to express provisions, we said in Harris v. Stewart, supra [187 Miss. 489, 193 So. 341], that: ''in an Act such as the statute we have now before us, (Chap. 19, Laws 1935) it would be impracticable, if not impossible, to deal with every detail which might arise in the course of its administration. In matters of practice and procedure under such an Act, and in respect to which the Act itself is silent, there will be applied the usual rules of procedure which prevail as regards others cases, . . .''

In accord with that principle, we said in Shaw v. Burnham, 186 Miss. 647, 658, 191 So. 484, 486: ''And, as a matter of right, when a contestant has made charges of wrong or illegality before the Executive Committee, the contestee may file a cross-complaint with the Committee— the cross-complaint to be in reasonably specific and particular terms and not in assertions of mere generality. The right to file a cross-complaint results, as a matter of necessity, else the contestant might restrict the review to grounds of his own choosing, when upon other grounds the contestee could show that other and counterbalancing wrongs and irregularities had been permitted in behalf of the contestant. The result is, therefore, that whether the particular issue or issues are presented by the contestant or by the contestee, it is the duty of the Executive Committee to act upon them, and its action, or refusal to act, then comes within the scope of the inquiry which either the contestant or the contestee may present, by proper petition and answer thereto, before the special judicial tribunal called out under the provisions of the cited statute.'' The filing of a cross-complaint presupposes an answer.

Thus the Court has held that the statute is not solely for the benefit of contestants before the executive com-

mittee, but that a contestee may appear before the committee and there present in writing by answer or by answers and cross-complaint all of the facts which support his side of the case, and if the action of the committee is adverse to him he may appeal to the special judicial tribunal for a review.

It further follows that when the contestee would complain to the special judicial tribunal, he must show by exhibit with his complaint what he had placed before the executive committee, either by specific denials or by specific cross-complaint, and wherein the executive committee had wrongfully acted or failed to act on what he had thus placed before the committee for its determination and action. This is what is required of a contestant, as we have pointed out, and no less is to be required of a contestee.

But the contestee here in his petition for a judicial review makes no averment whatever as to what he had placed before the executive committee in response to the contest before the committee. He does not aver that he made any answer to the contest, or any answer and cross-complaint, before that committee. He exhibits no such answer with his petition for a judicial review. All that appears about an answer is in the recital of the order of the executive committee, and that recital is simply that the contestee had filed a written answer. What issues the contestee placed before the excutive committee, his petition for a judicial review fails to show by written exhibit thereto of those issues. Inasmuch as a contestant must show as an exhibit to and as an essential part of his petition for a judicial reveiw what issues he had placed before the executive committee, a contestee, when he petitions for a judicial review, must do the like, and not having done so the special tribunal was correct in dismissing his petition. The statute does not make a favorite either of the contestant or the contestee.

Appellant offered at the hearing before the special tribunal to amend his petition for a judicial review by

776

annexing thereto a sworn copy of his answer before the executive committee. Such an amendment would not be allowed to a contestant, whence it follows that it cannot be allowed to a contestee. A contestant by the express terms of the statute must exhibit a sworn copy of his contest as made before the executive committee, without which his petition for a judicial review makes out no cause therefor, and the contestee must present with his petition by sworn exhibit what issues he places before the executive committee else he has shown no cause for a judicial review. Without such an exhibit the two disinterested attorneys could not certify, as required by statute, that his petition was meritorious. The tendered amendment was properly disallowed.

Affirmed.