DARNELL *v.* MYRES.

(In Banc. April 12, 1948.)

[34 So. (2d) 675. No. 36860.]

**Brunini, Brunini & Everett,** of Vicksburg, for appellant.

**Ernest Kellner,** of Greenville, for appellee.

**Griffith, J.**, delivered the opinion of the court.

Here is the sequel to Darnell v. Myres, 202 Miss. 767, 32 So. (2d) 684. The suggestion of error in that case was overruled on January 12, 1948, and four days later a new petition for a judicial review was filed. This was nearly four months after the date of the order of the executive committee, which the petition seeks to review. Appellant endeavors to excuse the delay on the ground that the order of dismissal affirmed in Darnell v. Myres, supra, was upon a procedural point and that he has not yet had a hearing on the merits.

The procedural point that appellant was not properly in court under his first petition was plainly raised in the trial court when that petition came on for hearing on October 17, 1947. Had appellant played safe, and taken a nonsuit at the opening of the hearing on that date, and thereupon had at once filed a new and correct petition, he would still have been in time,—he would have been eight days earlier than in Harris v. Stewart, 187 Miss. 489, 501, 193 So. 339, wherein the new petition, filed on October 25th, was allowed as being within time in view of all the circumstances.

But appellant persisted in his erroneous course of procedure, with the result of the long delay as first above

mentioned. We may be sure that without the special provisions to secure speed in its administration, the feature of the judicial review would never have been included in the Corrupt Practices Act, Code 1942, Secs. 3158 et seq., and that any remarkable relaxation in that respect was never contemplated. There is again presented, therefore, a case to which the concluding statement by the Court in Turner v. Henry, 187 Miss. 689, 696, 193 So. 631, 632, is completely applicable: "A misconception by appellant, if there was such, of the proper procedure, was no excuse for the delay."

The motion of appellee to dismiss the present petition because not filed forthwith as required by Section 3182, Code 1942, was properly sustained by the trial judge, and his action in so doing must be affirmed.

Affirmed.

**Roberds, J.,** took no part in this decision.