HOUSTON *v*. BALDWIN.

Division B.   Oct. 22, 1951.

No. 38318   (54 So. (2d) 543)

**E. C. Barlow,** for appellant.

**Wells & Collins** and **Carl A. Chadwick,** for appellee.

**Alexander, J.**

This action involves an election contest over the office of Alderman of Ward Two of the City of Natchez. Of 407 votes counted, Mrs. Houston received 121 and Baldwin 286. After canvass and certification by the Democratic Executive Committee of the City of Natchez, appellant filed a protest directed to this Committee.

The protest alleges that the election is void, and with some minor exceptions is directed to alleged irregularities in the handling of absentee ballots. It is nowhere alleged that, even though it may be assumed that the number of such ballots equalled Baldwin's majority of 165 votes, such votes if re-examined would disclose a result changing the result of the election. This was requisite. Hickman v. Switzer, 186 Miss. 720, 191 So. 486, 487. There should be no excursion into un-

certainty by a candidate prospecting for hidden revelations.

It is contended, however, that the petition of protest was amended upon appeal to the special tribunal so as to enlarge the allegations of irregularities, including the voting by persons not qualified. It is further alleged that Mrs. Houston would "no doubt have been the nominee had not the illegal votes been cast as herein charged and alleged." Apart from a consideration of the insufficiency of this allegation, the contestant is confined to the grounds set up in her protest to the Executive Committee. Shaw v. Burnham, 186 Miss. 647, 191 So. 484; Darnell v. Myres, 202 Miss. 767, 32 So. (2d) 684.

These additional allegations appeared first in the petition for judicial review, and a motion to strike and demurrer were properly sustained.

Affirmed.