FILLINGANE v. BRELAND.

In Banc. Nov. 1, 1951.

No. 38380 (54 So. (2d) 747)

E. C. Fishel, and Dudley W. Conner, for appellant.

**Ben Stevens,** for appellee.

434

**Alexander, J.**

In the Democratic primary for the nomination of a Supervisor for District Five, Perry County, Breland received a count of 171 votes and Fillingane 170.

Fillingane promptly wrote to the County Democratic Executive Committee requesting an investigation of alleged irregularities, and the calling of a new election. Shortly thereafter he filed a sworn petition of protest setting out numerous irregularities including a ballot marked with ordinary lead pencil. It was alleged that this ballot was cast for his opponent and that this vote taken with others, allegedly defective and void for other reasons, would, if cast out, change the result of the election in his favor.

Appellant applied for permission to examine the two precinct boxes in the district and notified appellee of his purpose. The application was denied as being one day late and the following day the appellee procured an injunction against the appellant, forbidding examination of the ballot boxes.

To the sworn petition of protest, the contestee Breland filed an answer of general denial which contained a concession that he "admits that he had been informed that there was one ballot voted with pencil, but that he doesn't know whether it was indelible pencil or not." He filed also a motion to dismiss the petition which was sustained. The order thereon gave no reasons for the action of the Committee.

Thereupon, appellant filed a sworn petition for appeal and a judicial review. It carried forward the allegations

of the original protest, a certified copy of which, together with the proceedings before the Executive Committee, being made a part thereof. The special tribunal heard testimony and examined the contents of one of the boxes, some of the ballots therein being withdrawn and made exhibits to the testimony.

The tribunal made certain findings of fact among which is a finding that there were three ballots by ordinary lead pencil cast for the contestee. However, the appeal was dismissed on the ground that it was not a "sworn petition" under Code 1942, Section 3182, and that the tribunal therefore had no jurisdiction in the matter. Our first inquiry is directed to this finding.

The petition was definite in its charges and allegations and contained the following oath: "Personally appeared before me the undersigned authority in and for said county and state, J. A. Fillingane, who after being by me first duly sworn on his oath says: That he is the petitioner in the foregoing cause, and that he filed said petition for contest, together with the sworn amended specifications thereto and which are made Exhibit 'C' to this petition, and who says that the matters and things set forth in this petition and the matters and things set forth in said Exhibit 'C' hereto, are true and correct to the best of his knowledge, belief and information, and believes that it was a fraud on the rights of this petitioner for the executive committee to deny him the relief prayed for in said Exhibit 'C', and prayed in this petition, and it was a fraud on the rights of this petitioner to permit the illegal votes to be cast, as enumerated in this petition, and to have the vote cast by a lead pencil (other than an indelible pencil), as set forth in this petition."

The Corrupt Practices Act, Code 1942, Sections 3158-3195, does not provide a form for verification of the petition on appeal. The contention is that it is made merely upon information and belief and would not support a decree if there were no answer. This is not the test. Nor is it to be measured by Section 1294 modifying

the rule requiring two witnesses or one witness and corroborating circumstances to overthrow an answer under oath. Cases cited by the appellee involve an interpretation of this statute, which is after all but a rule of evidence. Here, testimony was taken and ballots introduced as exhibits. In considering the sufficiency of an oath to a bill or petition, it is stated, by way of summary, in Griffith, Chancery Practice, Section 175: "The correct allegation must be not less positive than this: The complainant has been informed and believes, and upon such information and belief charges the facts to be, stating them as facts, or it may be stated thus. Complainant charges, as he is informed and believes, stating the facts charged." This section is documented by cases involving the Code section just referred to, and therefore states a rule more stringent than that which is applicable to the sufficiency of the oath considered apart from the statute. It will be seen that the affiant states that the allegations of the petition are true and correct. Its efficacy is not impaired by adding that the assurance of such truth is derived from belief or information as indeed are most assertions of fact. Our conclusion could, if necessary, take reinforcement from Section 3158 which requires "an ordinary and reasonable construction * * * to accomplish its purposes."

In this connection, it may be recalled that, for reasons here immaterial, the contestant did not examine the boxes and was later enjoined therefrom. Verification of his petition could not well have been more definite and we hold that it need not have been. Moreover, the allegations, at least as to the pencil ballots, were proven to be true and so found as facts by the special tribunal. The original protest was similarly verified, so that we need not decide whether it was required to be sworn to, or whether the "sworn copy" of the protest required on appeal relates to the protest as originally filed.

We are left, therefore, with the finding that three ballots cast for the contestee were marked in ordinary

pencil, and our examination of such ballots verifies such conclusion.

■ ■ The original protest charged that only one such ballot was cast, and the finding of the tribunal must be restricted to such allegation since the petition on appeal may not overrun the allegations of the original protest, as amended. Houston v. Baldwin, 54 So. (2d) 543.

Other charges in the petition relate to the alleged failure of the circuit clerk to mail absentee ballots, and other irregularities including such as were directed to the disqualification of the contestee. There were no findings of fact which could operate to change the result of the election, save only as to the one illegal ballot marked with pencil for the contestee.

■ ■ This requires a reduction of contestee's vote to 170 and results in a tie. Therefore the cause is reversed and a new election ordered in said District Five, as provided in Section 3184.

Reversed and election ordered.