STARNES *v.* MIDDLETON

No. 40072          December 5, 1955          83 So. 2d 752

*P. M. Watkins,* Port Gibson; *Barnett, Jones & Montgomery,* Jackson, for appellant and cross-appellee.

*Satterfield, Shell, Williams & Buford,* Jackson; *Berger & Callon,* Natchez, for appellee and cross-appellant.

APPELLANT AND CROSS-APPELLEE IN RE-
PLY.

ETHRIDGE, J.

This is a primary election contest under the Corrupt Practices Act. Miss. Code 1942, Sections 3158-3195. Appellant S. E. Starnes, contestant, and appellee J. S. Middleton, contestee, were runoff candidates in the second Democratic primary election held on August 23, 1955, for Democratic nomination for Supervisor of District No. 5 of Claiborne County, Mississippi. The tally by the managers of the election reflected that Starnes received 116 votes and Middleton 115 votes. The Claiborne County Democratic Executive Committee reached a different result, and held that Middleton had won the election by a vote of 117 to 116 ballots for Starnes.

After an unsuccessful contest before the Executive Committee, appellant Starnes filed a petition of contest in the circuit court, under Code Section 3182. A special judge was appointed to hear the petition. Section 3183. The Special Tribunal, consisting of the appointed judge and two of the three county election commissioners, (one of them being unavoidably absent) held a full hearing on Starnes' petition and contest, and on contestee Middleton's cross complaint as to certain ballots. The Special Tribunal without dissent made findings of facts as to a number of ballots. It decided that Middleton had won the election by a vote of 116 to 115 for Starnes. The result was in accord with the holding of the Democratic Executive Committee, except that the Special Tribunal reduced the vote of each of the parties

by one. From that judgment of the Special Tribunal, contestant Starnes has appealed to this Court under Code Section 3185, and contestee Middleton has filed a cross appeal. Each of them prepared bills of exceptions which were signed by the trial judge, and each of the bills of exceptions ordered that the transcript of the evidence taken by the court reporter on the trial and the exhibits introduced in evidence should be made a part of the bills of exceptions and be considered a part thereof.

■■■ Contestee Middleton has filed a motion to strike the stenographer's notes and transcript of the testimony taken on the trial, on the ground that such a transcript cannot be used on an appeal where members of the Special Tribunal agree. Code Section 3185. However, since the movant himself has attached to his own bill of exceptions on cross appeal a transcript of the testimony, and since we are affirming the case anyway, the motion is moot and is dismissed. Appellee has also filed a motion to dismiss the appeal. It should be and is overruled. We think that appellant's bill of exceptions was properly signed by the trial judge, and that the petition for judicial review was sufficiently verified.

■■■ Appellant Starnes complains of actions of the Special Tribunal with reference to certain ballots. The lower court was correct in counting the absentee votes for contestee Middleton of Mr. and Mrs. J. A. McFatter, Sr., and of Mrs. Myra Middleton Barnett. The issues concerning them revolved around whether they were qualified electors of District No. 5. Under the authority of numerous cases, the stated rulings concerning their votes were sound and supported by substantial evidence. McHenry v. State, ex rel. Rencher, 119 Miss. 289, 80 So. 763(1919); Hopkins v. Wilson, 212 Miss. 404, 54 So. 2d 661, 924 (1951).

■■■ Nor was there any error in the refusal of the Special Tribunal to count for Starnes the ballot desig-

nated as contestee's Exhibit A-4, which had initialed on the back "S.J.M." The trial court found that the initials were those of the receiving manager and not of the initialing manager, and that hence it should not be counted. Code Section 3164; Sinclair v. Fortenberry, 213 Miss. 219, 56 So. 2d 697 (1951). ██ █ Appellant concedes that this ballot should not be counted if the question were properly raised by appellee in the contest before the Executive Committee. Middleton there charged that the ballot was not initialed by the initialing officer. That would manifestly encompass the above-stated grounds.

██ █ There was no error in the Special Tribunal's refusal to count for Starnes two ballots designated as contestee's Exhibits A-5 and A-6. They were initialed on the back thereof "J.S.M." The Special Tribunal found that these ballots were initialed by "an individual not known to the record—not shown to be an election manager." This finding is supported by the record, so these two ballots were properly omitted from the count for Starnes because they were not initialed by the initialing manager of the election, and also because they were improperly identified. Code Section 3274.

██ █ At the beginning of the hearing the ballot box of the precinct in question was opened and both sides had full opportunity to examine the ballots. After contestant had presented his extensive testimony, but before resting, he moved the court for permission to reopen the ballot box, which had previously been sealed after the examination at the beginning of the hearing. This motion was overruled by the Special Tribunal. ██ █ There was no reversible error in that action. The motion to reopen the ballot box was based on the statement therein that the box contained five ballots for Middleton which had written on the back thereof the initials "J.S.M." Appellant had made no allegation of improper identification or initialing of these particular ballots in his contest petition before the county executive committee, and

cannot go beyond the scope of the contest made by him. A contestant is confined to the grounds set up in the protest to the executive committee. Houston v. Baldwin, 212 Miss. 380, 54 So. 2d 543 (1951). Moreover, we cannot say that the action of the trial court on this motion constituted an abuse of its discretion.

However, we think that the Special Tribunal erred in counting for Middleton the absentee ballot and vote of J. A. McFatter, Jr. The voter's affidavit required by Code Section 3203-04 did not designate any qualified elector to deliver the ballot, but left blank a space for the naming of such person. Hence this ballot is void and should not have been counted for Middleton. Miss. Code Sections 3203-05 and 3203-08; Walker v. Smith, 213 Miss. 255, 56 So. 2d 84 (1952).

By cross appeal the contestee Middleton complains of the action of the Special Tribunal in counting certain votes for Starnes and in refusing to count certain votes for Middleton. We find no error in counting for Starnes the votes of Mr. and Mrs. Kenneth Brister and of Mr. and Mrs. John L. Barland. There was more than substantial evidence to support the finding of the Special Tribunal that these people were qualified electors of the Fifth District. McHenry v. State, ex rel. Rencher, supra; Hopkins v. Wilson, supra. Nor was there any error in the count for Starnes of the ballot marked Contestee's Exhibit A-3. The trial court was amply warranted in concluding that it was not improperly identified and void under Code Section 3274.

However, on the cross appeal of Middleton we think that the Special Tribunal erred in refusing to count for Middleton two ballots: (1) The absentee ballot for Middleton of Helen McFatter. Although at least two of the printed lines of the affidavit required by Code Section 3203-04 are transposed, the affidavit is a substantial compliance with the statute, and the acknowledgment before a California notary public is clearly reflected by that notary's seal upon the affidavit, and is

sufficient. (2) ██ ██ Contestant's Exhibit 8 is a ballot for Middleton. Six offices were in contest. The voter marked an "X" opposite candidates for three of the other offices, and at the bottom of the ballot marked an "X" opposite Middleton's name, which, however, also contained an additional perpendicular mark to the left of the "X", but touching the horizontal line. The special tribunal held that this was an illegal ballot, and should not be counted, apparently on the ground that it was illegally identified. ██ ██ Ballots should not be rejected as having distinguishing marks on account of slight irregularities in the manner of marking. It must be clear that the voter intended to mark for identification. The additional perpendicular mark to the left of the "X" appears to have been unintentionally made and not for the purpose of identification. The ballot should have been counted for Middleton. Kelly v. State, ex rel. Kiersky, 79 Miss. 168, 30 So. 49 (1901); Tonnar v. Wade, 153 Miss. 722, 121 So. 156 (1929).

██ ██ In summary, the Special Tribunal erroneously counted for Middleton the absentee ballot of J. A. McFatter, Jr. However, on the cross appeal it erroneously refused to count for Middleton the absentee ballott of Helen McFatter and the ballot with the extra perpendicular mark to the left of the cross mark. So the result is that Middleton lost one and gained two votes on this appeal, thereby netting one additional vote. He therefore was elected by a vote of 117 for Middleton to 115 for Starnes. This affirms the action of the County Democratic Executive Committee and of the Special Tribunal in holding that Middleton was the Democratic nominee. But it reverses in part on the direct and cross appeals particular actions of the Special Tribunal concerning certain ballots and the total count, and in that sense the judgment appealed from it modified.

Affirmed as modified.

*Hall, Lee, Kyle* and *Gillespie,* JJ., Concur.