193 So.2d 129 (1966)
Charles A. HUBBARD
v.
Dr. Noel McKEY.
No. 44366.
Supreme Court of Mississippi.
December 5, 1966.
*130 James W. Newman, III, Creekmore & Beacham, Jackson, for appellant.
N.W. Overstreet, Jr., Donald B. Morrison, Jackson, Joe G. Moss, Raymond, for appellee.
JONES, Justice.
On May 24, 1966, a special election was held to fill the office of supervisor of the Third Supervisor's District of Hinds County. Appellee was certified the winner by three votes. Appellant filed his petition in the Second Judicial District of Hinds County contesting said election. After completion of the evidence and instructions by the court, the jury found that appellee received the greatest number of legal votes, and judgment was thereupon entered. From this judgment, appellant appeals.
Contest of such an election is covered by Mississippi Code Annotated section 3287 (1956). It is required that at the first term after the filing of a petition to contest the election the court shall cause an issue to be made up and tried by a jury and the verdict of the jury "shall find the person having the greatest number of legal votes at the election." That is the issue that is tried by the jury, and that is the issue that was submitted to them here.
*131 On his appeal, appellant assigns and argues that the lower court erred in striking from his petition an averment that certain ballots were illegal and void because they had not been initialed by the initialing manager of the particular voting precinct.
Mississippi Code Annotated section 3164 (Supp. 1964), is the section which provides for the initialing of ballots.
This section is in the chapter on primary elections and is a part of what is known as the "Corrupt Practices Act." The said section begins by saying, "At all primary elections * * *" the ballots shall be initialed. It also provides the manner of voting in primary elections.
Mississippi Code Annotated section 3267 (Supp. 1964), in the chapter on "Registration and Elections", states how general elections shall be held. No mention is there made of initialing the ballots.
Each of these sections is complete on its face, and there is no ambiguity in either as to initialing ballots. However, appellant argues that the statutes should be considered as being pari materia. This doctrine is one which is invoked when a statute is ambiguous or doubtful, and is not to be invoked where the language of a statute is clear. 50 Am.Jur. Statutes § 348 at 345 (1944); 82 C.J.S. Statutes § 366, at 801 (1953). We hold that the court was correct in striking such allegation.
Appellant challenged the qualification of some people who voted. When these people were called to testify, each was advised by the court that he or she might claim the privilege of not testifying on the ground of self-incrimination. Miss.Const. § 26; Miss. Code Ann. § 1693 (1956). Mississippi Code Annotated section 2099 (Supp. 1964) makes it a misdemeanor punishable by fine or imprisonment or both for one not legally qualified to cast a ballot in an election. Some of the witnesses claimed such privilege and some did not. One of the assignments of error is that the court should have granted the request by appellant to grant immunity to said witnesses, if they would testify. We have been cited no statute or constitutional provision, or law of Mississippi, which authorizes the court to grant immunity in a case such as this. There are statutes providing for immunity, but not with reference to the violation of election laws. Without some sanction of the law, or some law authorizing the granting of immunity, the court had no authority to grant same and was correct in refusing to tell the witnesses that they would obtain immunity from prosecution by testifying. 58 Am.Jur. Witnesses § 85 at 73 (1948); 98 C.J.S. Witnesses § 439, at 259-260, 263 (1957).
Appellant, as heretofore stated, attacked the qualifications of several voters, the chief attack being as to residence. However, as we see it, this issue in respect to all but two votes was an issue of fact. The contestant assigns as error the failure of the court to require these witnesses whose qualifications were attacked to disclose for whom they voted, his contention being that they were illegal voters. The court held some of them to be legal voters, and others (the two as to whom facts were undisputed) to be illegal voters. The latter were made to tell for whom they voted, and their votes were not counted.
Others were claimed to be illegal voters and appellant sought to have them tell for whom they voted. The facts claimed by appellant to show their disqualifications were disputed by other facts, and the court held that the illegality of their voting was not sufficiently shown to overcome the presumptions accompanying the acts of the election officials in leaving them clear upon the books. The court therefore declined to require that they tell for whom they voted.
Where voters are legally entitled to vote, they cannot be required to tell for whom they voted. Tedder v. Board of Supervisors of Bolivar County, 214 Miss. 717, 59 So.2d 329 (1952); Trahan v. Simmons, 191 Miss. 353, 2 So.2d 575 (1941).
*132 The contestant has the burden of proof to show that voters were disqualified and how they voted. Trahan v. Simmons, supra.
A voter cannot be compelled to disclose how he voted if the legality of the vote is in doubt. 29 C.J.S. Elections § 281, at 751 (1965).
The presumption of the legality of his vote must be overcome by affirmative proof before a person can be required to tell for whom he voted. 26 Am.Jur.2d Elections § 347 at 166 (1966).
It is for the court to determine in a given case whether contestant has met the burden of showing the illegality of a particular vote so as to compel the voter to tell for whom he voted. 26 Am.Jur.2d Elections § 347 at 167 (1966).
The attack made by contestant on various voters' qualifications was based almost entirely on an alleged change of residence. Residence and domicile under our election laws are synonymous. Jones v. State, 207 Miss. 208, 42 So.2d 123 (1949); Smith v. Deere, 195 Miss. 502, 16 So.2d 33 (1943). Mississippi Laws 1964 chapter 348, amending Mississippi Code Annotated section 2099, uses "legal domicile" in lieu of "district in which he resides" which was used in the section before amendment.
A domicile, once established, continues until removal to another locality with intent to remain there and abandonment of the old domicile without intent to return. Jones v. State, supra; Smith v. Deere, supra; May v. May, 158 Miss. 68, 130 So. 52 (1930).
Contestant challenged one vote because beside the name of the voter on the registration book was written by someone the word "removed". However, on the poll book she was clear with nothing to indicate any bar to her voting. She had registered November 26, 1949, had lived in the same house since 1922 and had continuously voted. The Circuit Clerk, called by contestant as his witness, testified he did not know who so marked the registration book, and also testified that marking her "removed" was a mistake. Appellant claims, however, that it is presumed the Election Commissioners did their duty and the lady should have re-applied for registration or appealed. But the lady had no notice and the statute under which it is said we should presume the correctness of the marking, Mississippi Code Annotated section 3240 (Supp. 1964), provides that the commissioners shall revise the registration and poll books and "no name shall be permitted to remain on the poll books except such as are duly qualified electors." It is manifest that such presumption should not apply when the voter's name was permitted to remain clear on the poll book. The court correctly held her a qualified voter.
As to one other voter it appears she was not registered and did not appear on the poll book. She apparently did sign for a ballot but nothing on the books showed she voted and no proof thereof was made. Presumably the election officials performed their duty and declined to permit her to vote. The lower court was correct in its ruling as to her.
We cannot say the judge of the lower court was wrong in his rulings on these particular cases.
There were a number of ballots introduced by contestant which he claimed to be illegally marked and claimed to be marked so as to show they were intentionally marked for identification. The contestee introduced ballots of the same nature.
The ballots were submitted to the jury for their consideration and for their finding as to whether they were marked intentionally and so as to be identifiable.
There are a number of cases discussing the marking of ballots, viz.: Anders v. Longmire, 226 Miss. 215, 83 So.2d 828 (1955); Starnes v. Middleton, 226 Miss. 81, *133 83 So.2d 752 (1955); Teddar v. Board of Supervisors of Bolivar County, 214 Miss. 717, 59 So.2d 329 (1952); Guice v. McGehee, 155 Miss. 858, 124 So. 643, 125 So. 433 (1929); Tonnar v. Wade, 153 Miss. 722, 121 So. 156 (1929). Under these decisions these ballots were properly submitted to the jury. A general verdict was returned as required by the statute, and we do not know and cannot say which of these ballots they held illegal and which legal: whether some of appellants and none of appellees or some of both. The verdict was simply that the contestee, Dr. McKey, received a majority of the legal votes, or the greatest number of legal votes in the election. While the contestant assigns as error the granting and refusing of instructions generally, he argues none of them. Instructions appear to have submitted the issue properly to the jury, and, they having returned their verdict we affirm the case.
Affirmed.
ETHRIDGE, C.J., GILLESPIE, P.J., and BRADY and SMITH, JJ., concur.