# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2021-EC-00563-SCT

*DAVID SIMMONS*

*v.*

*TOWN OF GOODMAN, MISSISSIPPI, DEXTER HOWARD, JR., KEANDRIA THOMPSON, AND EDWARD PIERCE, JR., IN THEIR OFFICIAL CAPACITIES AS MUNICIPAL ELECTION COMMISSIONERS OF THE TOWN OF GOODMAN, MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 05/17/2021 |
| TRIAL JUDGE: | HON. BARRY W. FORD |
| TRIAL COURT ATTORNEYS: | ALSEE McDANIEL |
| | STEPHEN LAMAR GOWAN |
| COURT FROM WHICH APPEALED: | HOLMES COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | ALSEE McDANIEL |
| ATTORNEYS FOR APPELLEES: | AMY GOWAN |
| | STEPHEN LAMAR GOWAN |
| NATURE OF THE CASE: | CIVIL - ELECTION CONTEST |
| DISPOSITION: | AFFIRMED - 07/21/2022 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE KITCHENS, P.J., MAXWELL AND CHAMBERLIN, JJ.**

**KITCHENS, PRESIDING JUSTICE, FOR THE COURT:**

¶1. The Municipal Election Commission of the town of Goodman, Mississippi (the Commissioners), rejected David Simmons's Candidate Petition for the Municipal Office of Mayor of Goodman, Mississippi. After conducting an investigation into Simmons's residency and voting history, the Commissioners rejected his petition due to his not having satisfied the

residency requirement prior to the election date. Simmons now appeals the Holmes County Circuit Court's decision upholding the Commissioners' decision to reject his petition. Simmons asserts that the trial court's decision was manifestly against the weight of the evidence because he had provided evidence of his physical presence in Goodman and of his intention to reside there permanently. Simmons asserts also that he had provided evidence that rebutted the homestead exemption presumption.

¶2. We find that the trial court did not commit manifest error by determining that Simmons had not proved that he had been domiciled in Goodman for the time prescribed by Mississippi Code Section 23-15-300(1), which is "two (2) years immediately preceding the day of election." Miss. Code Ann. § 23-15-300(1) (Supp. 2021).

**FACTS**

¶3. On February 1, 2021, Simmons filed his Candidate Petition for the Municipal Office of Mayor of Goodman, Mississippi, in order to run in the general election in June 2021. After reviewing Simmons's petition, the Commissioners sent him a letter on March 15, 2021, informing him that his petition was rejected because Simmons "[d]id not register to vote in the Town of Goodman until December 8, 2020." Simmons requested a hearing before the Commissioners. The hearing was held on April 8, 2021. At the hearing, Simmons provided a letter from Lenny Turner, the regional manager of CMS Management, LLC, which stated that Simmons was employed by Cedar Grove Apartments and as a condition of his employment he "must reside in the Staff Unit (A02)." The letter proclaimed that "Cedar Grove Estates pays for the Electric and Gas service for the Staff Unit A02." Before the

2

Commission, Simmons testified that he had held a Goodman post office box for several years. Simmons testified also that he had been living in Goodman all of his life and that the Cedar Grove apartment is his permanent place of residence, and it is located in Goodman.

¶4. On April 14, 2021, the Commissioners issued their final letter rejecting Simmons's petition because the Commissioners' investigation uncovered evidence that Simmons had "resided in Lexington[,] Mississippi[,] two years prior before[sic] registering to vote into[sic] the town of Goodman until December 8th, 2020." As a result, the letter said, Simmons's name would not appear on the June 2021 general election ballot. Aggrieved, Simmons sought judicial review of the Commissioners' decision in the Circuit Court of Holmes County.

¶5. On May 11, 2021, a trial was held in the circuit court. Simmons brought forth several witnesses who testified that his permanent place of residence was at the Cedar Grove Apartments in Goodman, Mississippi.[1] Edward Pierce, one of the Commissioners, described the process of rejecting Simmons's petition:

---

[1]All of the witnesses attested that Simmons was living at the apartment complex, but all of them varied on the length of time they had known him to do so:

- Miron Smith testified that he saw Simmons at the Cedar Grove Apartments, but that he "did not have any personal knowledge of where [Simmons] resided . . . prior to October 2020."

- Patricia Jenkins testified that she had visited Simmons's residence in Cedar Grove, but that was "six, seven, eight years" ago.

- Lily Thurmon testified that to the best of her knowledge Simmons both lived and worked at the Cedar Grove Apartments.

- Peggy Baughn testified that Simmons lives in apartment A-1 or A-2. She testified also that, within the last four years, she had seen him on a regular basis at the apartment complex.

So when we conducted our investigation, we discovered that he had changed his voting registration from Lexington to Goodman [on] . . . December the 8th, 2020. That's when that had raised a red flag for us. So that's when we had the hearing.

Prior to before that, he didn't provide any evidence of his residency. No proof or nothing like that. The only proof he provided was at the hearing that it was just a letter . . . saying that he worked [at Cedar Grove Apartments].

But also if you look at the letter, it said he paid no bills there. So the next line of investigation, we asked the town of Goodman, okay, does he have any water bills or anything like that. He has no records of that. So that raised another red flag. That led us to go collect his homestead and his voter records. And that showed that he paid taxes in Lexington. And that he voted in 2020 and 2019 in Lexington, Mississippi. So that led to our decision that he wasn't eligible to run for the city of Goodman for mayor.

At trial, Simmons admitted owning property in Lexington, Mississippi, but said his permanent residence was in Goodman, Mississippi. He testified also that he had a homestead exemption for his residence in Lexington. However, he claimed that his Lexington residence "was purchased at a time when he was engaged to a person who continues to live in the residence after they broke up, and that he did not reside in the residence for several years prior to 2021."

¶6.     The trial judge ruled from the bench, affirming the Commissioners' decision because Simmons maintained homestead exemption in Lexington, he voted in Lexington in 2019 and in 2020, and he failed to prove that he had been at the Cedar Grove apartment for the statutorily required amount of time. The trial judge entered a final written judgment on May 17, 2021, in which he found that Simmons had "failed to properly prove residency in the Town of Goodman for a period of two years before the election of June 8, 2021[,] as required

4

by Miss. Code § 23-15-300." On May 19, 2021, the trial judge signed a bill of exceptions[2] summarizing the evidence presented by both sides and concluding that Simmons had failed to prove his residency in Goodman for the statutorily required time period and that his name should not be included on the June 2021 general election ballot. On the same day, Simmons filed his notice of appeal.

¶7. On appeal, Simmons argues that the trial court's decision was manifestly against the weight of the evidence. Simmons asserts that he "established a physical presence and residence in Goodman, Mississippi[,] for over ten years prior to the June 8, 2021[,] election," that he presented evidence showing his intent to make Goodman his permanent residence, and that he rebutted the presumption of the homestead exemption. He argues that the decision of the trial court should be reversed and "the June 8, 2021[,] Goodman Municipal Election, and results thereof, should be set aside, and another election ordered, with David Simmons on the ballot as a candidate for mayor."

¶8. The Commissioners argue that the record shows and supports the trial court's decision because:

---

[2]Mississippi Code Section 23-15-963(8) sets forth the appeals process a contestant/contestee must take in order to appeal to the Mississippi Supreme Court:

> Within three (3) days after judgment is rendered by the circuit court, the contestant or constestee, or both, may file an appeal in the Supreme Court upon giving a cost bond in the sum of Three Hundred Dollars ($300.00), together with a bill of exceptions which shall state the points of law at issue with a sufficient synopsis of the facts to fully disclose the bearing and relevancy of such points of law.

Miss. Code Ann. § 23-15-963(8) (Rev. 2018).

(1)    Simmons filed for homestead exemption in Lexington;

(2)    he had bills in his name in Lexington but failed to provide any bills in his name for his purported residence in Goodman;

(3)    he had voted in two previous elections in Lexington;

(4)    the letter was not sufficient to establish proof of residency.

## STANDARD OF REVIEW

¶9.    This Court has held that

"[i]n a candidate qualification challenge, the standard of review for questions of law is *de novo*." **Young v. Stevens**, 968 So. 2d 1260, 1262 (Miss. 2007) (citing **Ladner v. Necaise**, 771 So. 2d 353, 355 (Miss. 2000)). "[W]e review findings of fact by a trial judge sitting without a jury for manifest error, including whether the findings were the product of prejudice, bias, or fraud, or manifestly against the weight of the credible evidence." **Id.** at 1263 (citations omitted). We have held that "whether a candidate meets [the] residency requirement [to run for office] clearly involves questions of fact." **Bryant v. Westbrooks**, 99 So. 3d 128, 134 (Miss. 2012).

**Hale v. State Democratic Exec. Comm.**, 168 So. 3d 946, 951 (Miss. 2015) (alterations in original).

## DISCUSSION

¶10.    The trial court determined that Simmons "[had] failed to properly prove residency in the Town of Goodman, Mississippi[,] for a period of two years before the election of June 8, 2021[,] as required by Miss. Code Section 23-15-300." Simmons argues that the trial court committed reversible error because that court's decision was against the overwhelming weight of the evidence. He argues also that as a result of this error:  (1) the trial court's holding should be reversed, (2) the June 8, 2021, Goodman Municipal Election results should

be set aside, and (3) a special election should be ordered with Simmons's name on the ballot.

We find that the trial judge did not commit manifest error.

¶11.　Mississippi Code Section 23-15-300(1)-(2) states, in relevant part:

> (1)　Any candidate for any municipal, county or district office shall be a resident of the municipality, county, county district or other territory that he or she seeks to represent in such office for two (2) years immediately preceding the day of the election. . . .
>
> (2)　A candidate shall prove in his or her qualifying information that he or she meets the applicable residency requirement or provide absolute proof, subject to no contingencies, that he or she will meet the residency requirement on or before the date of the election at which the candidate could be elected to office. The appropriate election official or executive committee, whichever is applicable, with whom a candidate files qualifying information shall review and determine whether the candidate meets the applicable residency requirement according to the procedures in Section 23-15-299. The appropriate election commission shall review and determine whether a candidate required to file qualifying information with it meets the applicable residency requirement according to the procedures in Section 23-15-359.

Miss. Code Ann. § 23-15-300(1)-(2) (Supp. 2021).

¶12.　"In Mississippi, for the purpose of elections, residency and domicile are synonymous." *Hale*, 168 So. 3d at 951 (citing *Hubbard v. McKey*, 193 So. 2d 129, 132 (Miss. 1966)). Domicile requires that "there must have been (1) an actual residence voluntarily established in said county, (2) with the bona fide intention of remaining there, if not permanently, at least indefinitely." *Id.* (internal quotation marks omitted) (quoting *Smith v. Smith*, 194 Miss. 431, 434, 12 So. 2d 428, 429 (1943)). Simmons argues that he presented evidence that proved he had established a physical presence in Goodman "over ten years prior to the June 8, 2021[,] election" and declared his intent to remain in Goodman permanently. But Simmons's

7

evidence falls short of proving that he had established domicile in Goodman within the two years immediately preceding the general election of June 8, 2021.

¶13.    Simmons contends that the testimony of the witnesses "reflected that Simmons [had] lived in Cedar Grove Apartments in Goodman for five years or more" and "that he ha[d] received his mail at the physical apartment residence, as well as, a post office box in Goodman since 2007." Most of Simmons's witnesses could recall having some knowledge of Simmons's having lived in Goodman; but the facts and circumstances they recalled preceded the statutorily required two years. However, one witness, Peggy Baughn, did testify that she knew Simmons had lived at the apartment complex and had seen him on "plenty occasions" within the last four years. Also, Simmons testified that he had lived in Goodman continuously since 2008. Even considering these witnesses whose testimony was favorable to Simmons, the contrary evidence outweighs a finding of domicile in Goodman.

¶14.    In *Hinds County Election Commission v. Brinston*, 671 So. 2d 667, 669 (Miss. 1996), this Court held that "there is a strong but rebuttable presumption of residency in the county where the homestead exemption is filed. The location of the homestead exemption creates this strong presumption because of the benefit in the form of tax relief one receives by filing." "Our statutory scheme for homestead exemptions does not require the resident to file a new application unless there has been an alteration in 'the property description, ownership, use or occupancy since January 1 of the preceding year.'" *Hale*, 168 So. 3d at 952 (quoting Miss. Code Ann. § 27-33-31 (Rev. 2013)). "Thus, a valid homestead exemption on a property persists unless the resident takes affirmative action to cancel or alter it." *Id.*

8

¶15.    Here, Simmons admitted that he had claimed homestead exemption on his residence in Lexington for the 2020 tax year. As a result, "a strong but rebuttable presumption" exists that Simmons's domicile is his residence in Lexington, not in Goodman. But Simmons argues that he overcame the homestead exemption presumption because he presented evidence that he lives in Goodman with the intent of staying there permanently.

¶16.    Simmons did not present enough evidence of his intent to rebut the homestead exemption. We have held that "[t]he foundation of domicile is intent." *Hale*, 168 So. 3d at 952 (internal quotation marks omitted) (quoting *Stubbs v. Stubbs*, 211 So. 2d 821, 825 (Miss. 1968)). Additionally, we have stated that "even where a party has two residences at different seasons of the year, that will be esteemed his domicil[e] which he himself selects, or describes, or deems to be his home, or which appears to be the centre of his affairs, or where he votes or exercises the rights and duties of a citizen." *Id.* (alteration in original) (internal quotation marks omitted) (quoting *Hairston v. Hairston*, 27 Miss. 704, 719 (1854)); *see also Johnson v. Johnson*, 191 So. 2d 840, 842 (Miss. 1966) ("The exercise of political rights, admissions, declarations, the acts of purchasing a home and long-continued residency are circumstances indicative of his intention to abandon his domicile of origin and to establish a new domicile."). In *Hale*, this Court found that the trial court did not err by determining that the candidate had proved that his domicile had changed from Benton County to Marshall County by showing that had changed his car tag registration to Marshall County, that he had started attending a church in Marshall County, and that he had filed for homestead exemption in Marshall County. *Hale*, 168 So. 3d at 952-53. Although Simmons claimed to have lived

9

in Goodman all his life, other evidence presented in this case did not support his claims. The record shows that Simmons voted in Lexington in 2019 and in 2020, he claimed homestead exemption in Lexington, he had a Lexington address on his driver's license, and he had bills sent to his Lexington residence. Voting in elections, claiming homestead exemption, listing his address on his driver's license, and having his bills sent to his house are indicative of Simmons's intent that his Lexington residence be his place of domicile as he had made it "appear[] to be the centre of his affairs, or where he votes or exercises the rights and duties of a citizen" for the two years prior to the June 2021 general election. *Id.* at 952 (internal quotation mark omitted) (quoting *Hairston*, 27 Miss. at 719). Simmons failed to present adequate evidence demonstrating that he satisfied the residency requirements set forth in Mississippi Code Section 23-15-300(1). Therefore, this Court cannot say that the trial judge's findings were against the overwhelming weight of the evidence.

## CONCLUSION

¶17.    Simmons failed to provide sufficient evidence that he was domiciled in Goodman for the required time in order to qualify to run for mayor pursuant to Mississippi Code Section 23-15-300(1). Thus, this Court finds that the trial court did not err by finding that Simmons failed to prove residency in Goodman for a period of two years prior to the June 8, 2021, general election. This Court affirms the decision of the Holmes County Circuit Court.

¶18.    **AFFIRMED.**

**RANDOLPH, C.J., KING, P.J., COLEMAN, MAXWELL, BEAM, CHAMBERLIN, ISHEE AND GRIFFIS, JJ., CONCUR.**

10