TURNER v. HENRY.

(Division A. Feb. 12, 1940. Suggestion of Error Overruled March 11, 1940.)

[193 So. 631. No. 34033.]

W. J. **Evans**, of Calhoun City, and **C. A. Bratton**, of Oxford, for appellant.

**W. O. Lawrence** and **Patterson & Patterson**, all of Calhoun City, and **Wm. H. Inzer**, of Pontotoc, for appellee.

**Anderson, J.**, delivered the opinion of the court.

The question is whether appellant or appellee was the Democratic Party nominee for the office of supervisor of the third district of Calhoun County, at the primary election held on August 29, 1939, which was a second primary. Appellee was declared by the Democratic Executive Committee of the county to be the nominee, Therefore, his name alone went on the ticket in the general election, and he was declared elected to the office.

The construction of the Corrupt Practices Act, Chapter 19 of the Laws of 1935, Ex. Sess., particularly a certain provision of Section 15 of that Act, is involved. That provision requires that the petition for review be filed "forthwith" after the action of the executive committee. In the present case, the executive committee took action on October 4th, and the petition for review as not filed until November 1st—twenty-six days thereafter. The special tribunal for the trial of the contest rendered judgment on November 13th, after the general election. Twenty-six days, in our opinion, was stretching "forthwith" too far. In the recent case of Harris v. Stewart (Miss.), 193 So. 339, not yet reported [in State Reports], although not decisive of the exact question upon which this case turns, there is a discussion of the applicable principle. The Court said, among other things:

"An examination of the provisions of the Act under consideration will disclose the purpose that the proceedings preliminary to and during the course of a ju-

dicial review of a primary election contest shall be conducted with such diligence, expedition, and dispatch as will enable the trial court to have a full and orderly hearing and to conclude it in such time that, if practicably possible, a new primary, if ordered, may be held before the day of the general election in November of the same year. The requirement that the petition shall be filed 'forthwith' is one in pursuance of the aforesaid object; and if the hearing is actually had on such a petition and as a result thereof, a new primary has been ordered and held before the general election, as was done here, the statute has been satisfied in the particular case although the petition was filed as late as October 25, 1939, and when the general election was to be held November 7, 1939.

''While it actually turned out in the present case that the petition was filed in time, we wish it to be understood that we are dealing with the facts of a particular case, the one here before us, and that we are not committing outselves to the holding that in any and every case the filing of such a petition so late as October 25th after a primary on August 29th, or thereabout, will be held to be within the requirement of a filing 'forthwith.' ''

A misconception by appellant, if there was such, of the proper procedure, was no excuse for the delay.

Affirmed.