# SMITH *v.* DEERE.

(In Banc. Dec. 20, 1943. Suggestion of Error Overruled Jan. 10, 1944.)

[16 So. (2d) 33. No. 35532.]

Stevens & Stevens, of Jackson, and **T. B. Davis**, of Columbia, for appellant.

**J. M. Alford**, of Tylertown, **Hall & Hall**, of Columbia, and **Price, Price & Phillips**, of Magnolia, for appellee.

**Anderson, J.**, delivered the opinion of the court.

Appellant Smith and appellee Deere were candidates in the party primary election in August of the present year for the nomination for the office of supervisor of one of the supervisor's districts in Walthall County. No nomination was made in the first primary. In the second primary, which was held on August 24th, Decree was declared nominee by a majority of one vote. Smith contested the nomination under the authority of the Corrupt Practices Act, Chapter 19, Laws of 1935, Ex. Sess. The contest, as provided by that statute, was tried by a court composed of one of the judges of the state and the three election commissioners of the county. The result was a judgment declaring that Deere was the party nominee and his name should go on the ticket as such in the general election to be held on November 2d. From that judgment, Smith prosecutes this appeal.

One of the grounds of the contest was that one J. Q. Norris who voted for Deere was not a legal voter because he had not been a resident citizen of the state for two years prior to the general election. Section 241 of the Constitution provides, among other things, that residence in the state for two years next before the general election shall be one of the qualifications to vote. Section 3A of the Corrupt Practices Act contains, among other things, the same provision. In the second primary, Smith challenged Norris' right to vote upon the ground that he

had been a resident of the state less than two years before the general election, also upon a ground unnecessary to mention. His objection was overruled. At the meeting of the executive committee, Smith made the same claim, which was overruled. Thereupon, the matter was tried before the special tribunal referred to, which held that Norris was a legal voter. There was no substantial conflict in the evidence as to the issue. Norris had a wife without children and was a resident citizen of the State of Louisiana for several years. In the summer of 1941, he decided to change his home and residence to the State of Mississippi in Walthall County. During the summer, he bought a tract of land in Walthall County for the purpose of building a home, mercantile store and a filling station. This place was only about twelve miles from his Louisiana home. He proceeded at once to build the residence, store and filling station. They were completed and he moved into the home on December 27, 1941. He thereupon registered as a voter and paid the required poll tax. It will be observed that when he purchased the land in this state and made up his mind to build a home thereon, and when completed move into it, it was more than two years before the general election, but when he actually moved into the home, it was less than two years before that election.

We are of the opinion that the special tribunal erred in holding that Norris was a qualified elector. In Hairston v. Hairston, 27 Miss. 704, 60 Am. Dec. 530, the court quoted with approval Judge Story's definition of the word "domicile" as follows: " 'That is properly the domicile of a person where he has his true, fixed, permanent home and principal establishment, and to which whenever he is absent, he has the intention of returning.' Confl. Laws, p. 39, sec. 41. This is perhaps the most comprehensive and correct definition of the term which could be given." 28 C. J. S., Domicile, pp. 30-32, sec. 13, states the rule thus: "A domicile continues until another is acquired; before a domicile can be considered lost or changed, a

new domicile must be acquired by removal to a new locality with intent to remain there, and the old domicile must be abandoned without intent to return thereto." It is manifest that Norris' status did not meet these requirements.

Deere contends, however, that Smith was barred from instituting the proceeding before the special judicial tribunal because of delay in doing so. Section 15 of the Corrupt Practices Act provides, among other things, that the proceeding before that tribunal shall be begun "forthwith." As stated, the election was to be held on November 2d. The petition for a judicial review was filed October 14th. The hearing was held on October 21st, and judgment rendered on October 22d, eleven days before the general election. The evidence shows that the delay grew out of and was the result of the following state of affairs: At the first meeting of the county executive committee, Smith urged alone the disqualification of Norris as a voter. The committee decided against him. At that meeting, the committee offered him an opportunity to examine the contents of the ballot boxes if he so desired. He declined the offer. Afterwards, Smith claimed that he had discovered other irregularities in the voting that he did not know of before. He set them out before the county executive committee and asked permission to examine the contents of the ballot boxes, with the view of ascertaining the facts, and the committee denied the request. He thereupon sued out in the circuit court a mandamus proceeding to require the executive committee to grant his request. That case was not disposed of when the hearing before the special judicial tribunal took place and its judgment was rendered, from which this appeal was taken. At that hearing, he offered to prove the other irregularities claimed by him, and for that purpose that he be permitted to bring in the ballot boxes and have the contents examined. The court declined to grant his request.

Smith's position is, taking the proceedings as a whole, all of which had either merit or a show of merit, that he complied with the "forthwith" provision of the statute in presenting the contest to the special tribunal. "Forthwith" is not susceptible of a fixed time definition. The surrounding facts and circumstances all must be taken into consideration in determining the question. It may be minutes, hours, days or even weeks. Bouvier's Law Dictionary, Rawle's Third Revision, vol. 1, page 1289, gives this definition of the word: "Forthwith. As soon as by reasonable exertion, confined to the object, it may be accomplished. (Approved in Dickerman v. Northern Trust Co., 176 U. S. [181] 193, 20 S. Ct. 311, 44 L. Ed. 423.) This is the import of the term; it varies, of course, with every particular case; 4 Tyrwh. 837; Edwards v. [Lycoming County Mut.] Ins. Co., 75 Pa. 378. See Scammon v. [Germania] Ins. Co., 101 Ill. 621; 11 H. L. Cas. 337; Bennett v. [Lycoming County Mut.] Ins. Co., 67 N. Y. 274; Pennsylvania R. Co. v. Reichert, 58 Md. 261; Meriden Silver Plate Co. v. Flory, 44 Ohio St. 437, 7 N. E. 753. It is not as promptly as immediately; in some cases it might mean within a reasonable time; 7 Dowl. 789." The cases of Harris v. Stewart, 187 Miss. 489, 193 So. 339, and Turner v. Henry, 187 Miss. 689, 193 So. 631, are not decisive of this question in favor of the contention of Deere. The particular facts and circumstances in each of those cases were controlling as to whether the "forthwith" provision of the statute was complied with. In this case the course of the proceedings was: the second primary was held on August 24th; the first meeting of the county executive committee on August 25th; the application to examine the ballot boxes before the committee was made on August 30th; the notice by the contestant of the time for hearing was September 3d; petition for mandamus was filed September 4th; the petition for a judicial review before a special tribunal was presented on October 14th; the hearing by that tribunal was October 21st; the judgment was rendered on October 22d, eleven

days, as stated, before the general election. A second primary might have taken place within that time. It is true that the statute provides for expedition in the proceedings with the view of completing the contest in time for the general election, but if it can't be done, Subdivision (f) of Section 15 of the statute provides that the contest shall not thereby be dismissed but proceed to final judgment, and if the judgment is in favor of the contestant the election of the contestee shall thereby be vacated and the Governor shall call a special election for the office involved, and if the contestee has already entered upon the term, he shall vacate the office upon the qualification of the person elected at such special election and may be removed by quo warranto if he fails to do so.

It follows from what has been said that the contestee Deere was not nominated at the second primary, the vote between him and the contestant having been a tie. The subsequent election of Deere at the November election was therefore void, and he is not entitled to enter upon the office on the first Monday in January next, and as already indicated judgment will be entered here to that effect, so that such further course may be taken as provided in said Subdivision (f) Section 15.

Reversed and judgment here.