## WEEKS *v.* BATES, et al.

No. 41475 October 30, 1959 115 So. 2d 298

*H. C. Mike Watkins, Harley A. Weeks,* Meridian, for appellant.

*L. B. Porter,* Union, for appellee.

ETHRIDGE, J.

.This is a primary election contest for the office of Justice of the Peace. The question is whether under Miss. Code 1942, Sec. 3169, being Miss. Laws 1935, Ch. 19, Sec. 7 of the Corrupt Practices Act, a contestant must examine the ballot boxes within 12 days after the canvass and examination of the boxes by the county democratic executive committee, where he is relying solely upon the results of that examination for the contest. We conclude that the 12-day limitation applies, and accordingly affirm the special tribunal.

Code Sec. 3169 provides that, after the county executive committee has canvassed the returns, it shall seal the ballot boxes and deliver them to the circuit clerk. The statute then states: ''At any time within twelve days after the canvass and examination of the box and its contents by the executive committee, any candidate or his representative authorized in writing by him, shall have the right of full examination of said box and its contents upon three days' notice of his application therefor served upon the opposing candidate or candidates, or upon any member of their family over the age of eighteen years, which examination shall be conducted in the presence of the circuit clerk or his deputy who shall be charged with the duty to see that none of the contents of the box are removed from the presence of the clerk or in any way tampered with; upon the completion of which examination the box shall be resealed with all its contents as theretofore.''

The second democratic primary election was held on August 25, 1959. Appellee, T. B. Bates, was declared by the county executive committee by a majority of 12 votes the Democratic nominee for the office of Justice of the Peace, Beat 2 of Newton County. The committee canvassed the returns on August 26. On September 3, within less than 12 days after the committee's canvass, contestant Weeks gave notice to Bates of his application for an examination of the ballot boxes, to be held

on September 9. Bates objected to it, on the ground it was being made more than 12 days after the committee's canvass. Bates was not present when Weeks made his examination of the boxes on September 9, which was 14 days after the committee's canvass.

Weeks thereafter filed a petition of contest with the county democratic executive committee, alleging irregularities in the initialing and marking of ballots, which information was derived from his examination of the ballot boxes. The petition was dismissed on motion of the contestee, because an initial examination of the boxes after 12 days is prohibited by Sec. 3169. Contestant appealed to the special tribunal, which affirmed the county committee and dismissed the petition of contest for the same reason.

Section 3169 is unambiguous. It states that a candidate has a right to examination of the ballot boxes "at any time within twelve days" after the county executive committee's canvass. Appellant made his examination 14 days after the canvass, and over appellee's objection. We are not authorized to alter this statutory limitation on the right to examine ballot boxes in a primary election. The determination of a time limit within which such examinations may be made is a legislative question.

In Shaw v. Burnham, 186 Miss. 647, 658, 191 So. 484 (1939), the Court, discussing this act, referred to the fact that "any candidate has the privilege of a full examination of the boxes and their contents, within the early and appropriate time therein mentioned." In Sartin v. Barlow, 196 Miss. 159, 165, 166, 16 So. 2d 372 (1944), the clerk had erroneously refused to permit an examination of the ballot boxes. Reversing that action, it was said: "The statute expressly allows twelve days," and the chief device for preserving the integrity of primary elections "was this provision for the allowance of an examination of the boxes by any candidate within

twelve days after any primary election." Lopez v. Holleman, 219 Miss. 822, 836, 69 So. 2d 903 (1954), dealt with a special election conducted under the general election laws, and thus is not directly pertinent, but, referring to the primary election statutes, it was observed that under Sec. 3169 a candidate may examine the ballot boxes "at any time within 12 days after the canvass by the executive committee."

 These interpretations of the act reflect that the Court has consistently construed it as requiring an examination of the ballot boxes in primary elections within 12 days after the executive committee's canvass.

 Appellant failed to comply with this statutory restriction, and based his entire contest upon alleged facts developed as a result of an examination of the boxes which came too late. We are not dealing with a case where the petition of contest alleges in specific terms other, extrinsic grounds of attack upon the election, developed from sources other than examination of the ballot boxes. For the foregoing reasons, the judgment of the special tribunal is affirmed.

Affirmed.

*Roberds, P. J.,* and *Hall, Kyle,* and *Arrington, JJ.,* concur.