WALLACE, et al. *v.* LEGGETT

No. 43067 December 16, 1963 158 So. 2d 746

*Arrington & Arrington,* Hazlehurst, for appellants.

*Mounger & Mounger,* Tylertown, for appellee.

KYLE, J.

This is a primary election contest case growing out of the Democratic Primary election held on August 6,

1963, for the election of a supervisor for District No. 4 of Lincoln County. Lloyd Case, Alton (Bitsey) Hart, Leroy (Dock) Leggett and Esco Wallace were the candidates for the office of supervisor. After the election returns had been canvassed it appeared that Case had received 178 votes, Hart 59 votes, Leggett 863 votes and Wallace 394 votes, the total number of votes cast for supervisor for District No. 4 was 1494. From the canvass of the returns thus made Leggett had received 863 votes, and the other three candidates had received a combined vote of 631. Leggett's majority over the other three candidates was 232 votes.

On August 7, 1963, the contestants Wallace and Case appeared before the Democratic Executive Committee and requested the privilege of examining the boxes, pointing out that they were advised that certain ballots had not been initialed at the Johnson Grove and Bogue Chitto precincts. The ballots and tally sheets and lists of voters at the two last mentioned precincts were examined, and it was determined that 141 ballots cast at the Johnson Grove precinct and 346 ballots cast at the Bogue Chitto precinct had not been initialed by the initialing manager as required by Section 3164, Miss. Code of 1942, Rec. The contestants then asked the committee to order a new election for supervisor in those two precincts. The committee decided to exclude the 151 uninitialed ballots cast at the Johnson Grove precinct and the 346 uninitialed ballots cast at the Bogue Chitto precinct; and after eliminating the uninitialed ballots referred to above, the Committee found upon a recount of the votes remaining that the number of legal votes received by each of the several candidates was as follows:

| | | |
|---|---|---|
| Lloyd Case | 130 | votes |
| Alton (Bitsey) Hart | 30 | votes |
| Leroy (Dock) Leggett | 521 | votes |
| Esco Wallace | 316 | votes |

The total number of ballots cast for the office of Supervisor for District No. 4, exclusive of the uninitialed ballots cast at the Johnson Grove precinct and the Bogue Chitto precinct, was 997. It thus appeared that Leggett had received a majority of the valid ballots cast for the office of supervisor of the district. The Committee therefore rejected the protest of Wallace and Case; and advised Wallace and Case and their attorney immediately of the decision of the Committee.

The Committee reconvened on August 8, 1963, pursuant to the order of recess entered on the preceding day, and there was presented to the Committee by Wallace and Case a formal petition contesting the election for supervisor in District No. 4. After consideration of the petition, a motion was duly made, seconded and unanimously carried, that the petition contesting the election on behalf of Wallace and Case be denied; and the Committee adjudicated that Leggett was the party nominee for Supervisor for District No. 4, having received a majority of the valid ballots cast in the election of August 6, 1963, and representing an expression of the will of the electors of District No. 4. The returns for all offices were then certified to the State Democratic Executive Committee.

On August 12, 1963, a special meeting of the County Democratic Executive Committee was held, for the purpose of considering an election contest filed on behalf of Robert E. Case, a candidate for the office of sheriff and tax collector of the county. The Committee went into executive session and determined to follow its prior ruling in the Esco Wallace and Lloyd case election contest, and the Committee rejected the contest of Robert E. Case as a candidate for the office of sheriff and tax collector, and called in all of the parties and advised them of its decision.

On August 14, 1963, the contestants Wallace and Case filed their first petition for judicial review under au-

thority of Section 3182, Miss. Code of 1942, Rec. The contestants also filed with their petition a cost bond, as required by said Code Section. The petition, however, did not bear the certificate of two practicing attorneys that they and each of them had made an independent investigation into the matters of fact and law upon which the protest and petition were based, and that after such investigation they verily believed that the protest and petition should be sustained and that the relief therein prayed for should be granted.

A special tribunal was duly constituted as provided in Sections 3183 and 3184, Miss. Code of 1942, Rec., for the trial of the election contest. The Chief Justice of this Court appointed Honorable James A. Torrey Circuit Judge of the Sixth Circuit District of Mississippi, as special judge, to hear the election contest. Judge Torrey then set the cause for hearing at the Lincoln County Courthouse in the City of Brookhaven, Mississippi, on August 30, 1963. Proper notice was given to all of the parties, and a summons was duly issued to each of the election commissioners of the county requiring them to attend said hearing. The special tribunal was duly convened on August 30, 1963, for the hearing of the election contest. Leroy Leggett, the contestee, appeared by his attorney and filed a motion to dismiss the petition for judicial review on the ground that the petition was not accompanied by the certificate of two practicing attorneys as required by Code Section 3184, supra, and that the court for that reason was without jurisdiction to proceed in the matter. The motion to dismiss the petition for lack of jurisdiction was sustained; and an order was entered to that effect. The contestants requested and received at the hands of the special judge a bill of exceptions preparatory to an appeal from the judgment of the special tribunal. But no appeal was perfected from the order of dismissal dated August 30, 1963.

The contestants, in lieu of an appeal from the above mentioned order of dismissal of their first petition, on August 30, 1963, filed a second petition for judicial review, to which there was attached a certificate of two practicing attorneys, which conformed to the requirements of Code Section 3184, supra. A second special tribunal was thereupon constituted to hear the new petition, and the cause was set for hearing by the second special tribunal, presided over by Honorable Sebe Dale, Circuit Judge of the Fifteenth Circuit Court District, on September 5, 1963.

On the date set for the hearing, the respondent Leroy Leggett filed a motion to dismiss for want of jurisdiction the second petition for judicial review filed on August 30, 1963. The respondent alleged in his motion that a special tribunal had been created, as directed by the statute, to hear the contestants' first petition for judicial review and the matter had been set for hearing on August 30, 1963; that on that date all parties appeared, and the cause was heard by the special tribunal upon the motion of the contestee to dismiss the proceeding, and an order of dismissal was entered; that the contestants, by and through their attorney, prosecuted an appeal from the decision rendered on August 30, 1963, and then and there demanded and obtained a bill of exceptions, which was signed by the judge of the special tribunal in open court; and that the proceedings on appeal were pending at the time the second petition for judicial review was filed on August 30, 1963. The respondent further alleged that the clerk of the court was not authorized to receive the second identical petition for judicial review, and was without power to organize the special tribunal for the purpose of determining the issues presented in the second petition for judicial review. The respondent also alleged that the special tribunal was without jurisdiction to consider the matter for the reason that the petition had not been

filed in a "forthwith" manner and time, as required by the statute, since 22 days had intervened between the date of the order of the County Democratic Election Committee of August 8, 1963, and the filing of the second petition for judicial review. The respondent also filed a demurrer to the second petition for judicial review.

The case was heard on an agreed stipulation of facts, which was made a part of the record, and at the conclusion of the hearing a judgment was entered dismissing the petition for judicial review for the reasons set forth in an opinion rendered by the presiding judge, which was also made a part of the record.

The special tribunal found that the petition for judicial review filed on August 30, 1963, was not filed "forthwith", within the meaning of the statute, and for that reason the petition should be dismissed.

The special tribunal also found that the petition contained no allegation of fraud, and that no where in the petition was it charged that any voter had been denied the right to vote and express his or her honest choice in the election; and that after the votes which had not been properly initialed were eliminated from the count the respondent still had a majority of the votes cast. It was the opinion of the special tribunal that the ballots initialed and the votes cast expressed the will of the people, and that for the reasons thus stated the contestants' petition should be dismissed. From the order dismissing the petition the appellants have prosecuted this appeal.

The appellants' attorneys have assigned and argued three points as ground for reversal of the judgment of the special tribunal: (1) That the special tribunal erred in sustaining the appellee's motion to dismiss the appellants' second petition for judicial review on the ground that the petition was not filed "forthwith", as required by Code Section 3182, supra; (2) that the

special tribunal erred in its finding that the initialed ballots cast in the election represented a sufficient expression of the will of the people, and in refusing to order a new election in Supervisor's District No. 4, or in the alternative, in the Johnson Grove and Bogue Chitto precincts; and (3) that the special tribunal erred in dismissing the appellants' petition for the reasons stated in the opinion rendered by the presiding judge.

 █ We think the special tribunal erred in dismissing the petition of the contestants. The first petition for judicial review was filed on August 14, which was only six days after the county committee had rejected the appellants' petition contesting the election. The second petition was filed on August 30, immediately after the special tribunal had ordered the dismissal of the contestants' first petition because of the failure of the petition to bear the certificate of two practicing attorneys as required by Code Section 3182.

In Smith v. Deere, 195 Miss. 502, 16 So. 2d 33, the Court in construing the meaning of the word ''forthwith'' as used in the statute said: '' 'Forthwith' is not susceptible to a fixed time definition. The surrounding facts and circumstances all must be taken into consideration in determining the question. It may be minutes, hours, days or even weeks. Bouvier's Law Dictionary, Rawle's Third Revision, Vol. 1, page 1289, gives this definition of the word: 'Forthwith'. As soon as by reasonable exertion, confined to the object, it may be accomplished.

In this case we think the petition upon which final action was taken was filed ''forthwith'', within the meaning of the statute and that the contestants were entitled to a hearing on the merits of their petition.

 █ We also think the special tribunal erred in its holding that the appellee's majority of the 997 legal votes cast in the election represented a sufficient ex-

pression of the will of the qualified electors of the district.

This case in our opinion is controlled by the decisions of this Court in May v. Layton (1951), 213 Miss. 129, 56 So. 2d 89, and Ulmer v. Currie (1962), 245 Miss. 285, 147 So. 2d 286. The failure of the initialing managers at the Johnson Grove and Bogue Chitto precincts to initial 497 of the ballots cast at those two precincits, in our opinion, constituted such a substantial failure to comply in material particulars with the requirements of the statute regulating the holding of primary elections as to require the ordering of a new election for the office of Supervisor for District No. 4. The number of ballots which were held to be invalid for the reason that they were not initialed by the initialing manager represented 33.13 per cent of the total ballots cast for supervisor in the entire district. Under these circumstances we think that it cannot be said that the will of the electors could be ascertained by a count of the remaining 66.87 per cent of the total ballots cast, and a new election should have been ordered, either in the entire district, or in the two precincts involved.

The judgment of the special tribunal is therefore reversed, and judgment is rendered here adjudicating that the election of the contestee Leggett as Supervisor for District No. 4 in Lincoln County is invalid and void; and it is further ordered that a special election shall be called and held for all of the boxes in the entire District No. 4 in the manner provided by Section 3187, Miss. Code of 1942, Rec.

Reversed, judgment rendered here, and new election ordered.

*Ethridge, Gillespie, McElroy and Rodgers, JJ.,* concur.