PATTERSON, Chief Justice, for the Court:
In separate appeals consolidated here for decision, Douglas C. Miller contends the Special Tribunal designated to hear his two petitions to contest the August 7, 1979, democratic primary for the office of supervisor, District Four, Oktibbeha County, erred in dismissing both of his petitions. We affirm the Special Tribunal’s dismissals.
Appellant Miller faced two opponents in the August 7 primary, Glendall “Bob” Jackson and Cecil Carpenter. The August 8 canvass showed Carpenter to be the leader, with Jackson second and appellant third, trailing Jackson by two votes. Aggrieved that Jackson would be slated against Car *CMXCVIII penter for the August 28 primary run-off,[1] appellant, the incumbent, on August 14 through his attorney wrote the Executive Committee, requesting a recount. The recount having failed to elevate appellant to second place, on August 23 he petitioned the Special Tribunal for relief. The tribunal construed the letter of the 14th as a “contest” within the meaning of Mississippi Code Annotated section 23-3-45 (1972), and dismissed because it was not sworn as originally filed with the Executive Committee: The propriety of that dismissal forms the sole issue in # 51,820, the first petition.
On the authority of Darnell v. Myers, 202 Miss. 767, 32 So.2d 684 (1948), as construed in Robinson v. Briscoe, 326 So.2d 796 (Miss.1976), we affirm # 51,820. The contest must be sworn as originally filed with the Executive Committee, the purpose of the statute being to guard against frivolous interruptions of the orderly progression of the primary election process. Although essentially procedural, the defect in appellant’s August 14 petition was jurisdictional and therefore proper for the Special Tribunal to raise for consideration on its own motion.
The second petition, # 51,859 on appeal, originated on September 5, the day Miller’s first petition was dismissed and appealed by him. Apparently the petitioner tried to repair the error of the first by filing with the Executive Committee a veritable sworn contest. Responding to the Executive Committee’s declared intention not to act, appellant appended the letters for recount to his sworn petition for judicial review with the Special Tribunal on the following day, i. e., September 6. The Special Tribunal, again on its own motion, dismissed appellant’s petition on the alternative grounds that (1) the usual rules of practice and procedure made applicable to cases of this kind through Harris v. Stewart, 187 Miss. 489, 193 So. 339 (1940), do not permit one to “proceed with two separate petitions for judicial review of two separate Election Contests which involve the same election and identical issues,” and (2) appellant did not file his second petition “forthwith” within the meaning of Mississippi Code Annotated section 23-3 — 45 (1972), as construed in Harris, supra.
Because we are of the opinion the Special Tribunal correctly disposed of appellant’s September 6 petition on the first of the above-cited grounds, we find it unnecessary to decide whether the petition was filed “forthwith.” Appellant complains that the Special Tribunal on its own motion raised the pendency of # 51,820 in bar to appellant’s duplicative petition of September 6. We think proper, however, the tribunal’s judicial notice of # 51,820 to forestall appellant’s attempt to create a multiplicity of suits by taking inconsistent positions by at once arguing his original unsworn contest was not defective while simultaneously filing a sworn contest amended in an attempt to cure the defect without first taking a voluntary nonsuit of the former. It must be remembered the public, not the parties merely, has an obvious protectable interest in expediting election contests. The Special Tribunal prudently undertook to secure that interest in view of the practicalities of the situation; viz. Carpenter, the victor in the August 28 Democratic primary run-off, received no summons revealed in the record, and Jackson, the unsuccessful candidate in that run-off, by virtue of Carpenter’s victory lost his interest to respond to appellant’s contest.
In conclusion, we also affirm # 51,859. In doing so we are buttressed by our opinion that the “forthwith” requirement of Section 23-3-45 has not been met. As we said in Turner v. Henry, 187 Miss. 689, 696, 193 So. 631, 632 (1940), a “misconception by appellant ... of the proper procedure [cannot] excuse . . . delay.”
AFFIRMED.
SMITH and ROBERTSON, P. JJ., and SUGG, BROOM, LEE, BOWLING and COFER, JJ., concur.
WALKER, J., took no part.

. The run-off between Carpenter and Jackson took place with Carpenter emerging the winner. The parties have stipulated that there was a material irregularity in the August 7 primary in that two persons cast pivotal votes in the wrong ballot box.