909 So.2d 1075 (2005)
Archie COOK
v.
Joe M. BROWN.
No. 2003-EC-02515-SCT.
Supreme Court of Mississippi.
February 3, 2005.
Darnell Felton, attorney for appellant.
Thomas Alan Womble, Batesville, attorney for appellee.
Before SMITH, C.J., EASLEY and RANDOLPH, JJ.
*1076 EASLEY, Justice, for the Court.

STATEMENT OF THE CASE
¶ 1. This case involves an election contest for between the only two candidates for nomination in the Democratic Party primary election for the office of District Two Justice Court Judge for Quitman County, Mississippi. Archie Cook (Cook) and Joe M. Brown (Brown) were the two Democratic candidates in this race. A primary election was held on August 5, 2003. The Quitman County Democratic Party Executive Committee certified Brown as the winner of the primary election by a margin of 47 votes on August 5, 2003.
¶ 2. On August 15, 2003, ten days after the primary election, Cook filed a notice of application for examination. The notice requested an examination of the ballot boxes on August 19, 2003, which was fourteen days after the primary election. Cook appeared to examine the ballot boxes, however, the boxes were not examined because of verbal opinion from the Attorney General's Office and the Secretary of State's Office that pursuant to Miss.Code Ann. § 23-15-911, the 12 day statutory period to view the ballots had expired.
¶ 3. Cook later filed a petition contesting the election with the Quitman County Democratic Executive Committee on August 20, 2003. The Committee met and conducted a hearing on September 4, 2003, affirming its prior decision that Brown was the Democratic nominee for District Two Justice Court Judge. Following this ruling, Cook filed a petition for judicial review with the Circuit Court of Quitman County on October 13, 2003. See Miss Code Ann. § 23-15-927.
¶ 4. On October 17, 2003, this Court appointed Chancellor Jacqueline Estes Mask to serve as special judge to hear the election contest in the Circuit Court of Quitman County. Cook and Brown received copies of the order on October 20, 2003. The next day, Brown filed an answer which asserted in part the affirmative defense in the form of a M.R.C.P. 12(b)(6), motion to dismiss for failure to state a claim. Judge Mask entered an order on October 30, 2003, setting a pretrial hearing for November 3, 2003. Brown presented the motion to dismiss at the November 3 hearing. The trial court entered judgment on November 4, 2003, dismissing the petition and ruling that Brown was the Democratic nominee for District Two Justice Court Judge for Quitman County. Following this ruling, Cook appealed to this Court, and raises this issue:
Whether the trial court erred by ruling that Cook failed to file a petition for judicial review "forthwith" pursuant to Miss.Code Ann. § 23-25-927.

DISCUSSION

1. Timely request to view ballot boxes.
¶ 5. The Legislature imposed a 12 day statutory limit to view ballots when there is an election contest pursuant to Miss. Code Ann. § 23-15-911(1) (Rev.2001). The statute states, in part:
(1) ... At any time within twelve (12) days after the canvass and examination of the box and its contents by the election commission or executive committee, as the case may be, any candidate or his representative authorized in writing by him shall have the right of full examination of said box and its contents upon three (3) days' notice of his application therefor served upon the opposing candidate or candidates, or upon any member of their family over the age of eighteen (18) years, which examination shall be conducted in the presence of the circuit clerk or his deputy who shall be charged with the duty to *1077 see that none of the contents of the box are removed from the presence of the clerk or in any way tampered with. Upon the completion of said examination the box shall be resealed with all its contents as theretofore. And if any contest or complaint before the court shall arise over said box, it shall be kept intact and sealed until the court hearing and another ballot box, if necessary, shall be furnished for the precinct involved.
¶ 6. In Weeks v. Bates, 237 Miss. 778, 780, 115 So.2d 298, 299-300 (1959), this Court strictly construed the statutory language of then  applicable Miss.Code Ann. § 3169 pertaining to a 12 day window to review ballot boxes.[1] In Weeks, the losing candidate noticed the winning candidate of the request for examination of the ballots within 12 days of the canvass, but the actual examination date occurred outside the 12 day period. Id. at 779-90, 115 So.2d 298. The ballots were examined 14 days after the committee canvass. Id. at 780, 115 So.2d 298. This Court held:
Section 3169 is unambiguous. It states that a candidate has a right of examination of the ballot boxes `at any time within twelve days' after the county executive committee's canvass. Appellant made his examination 14 days after the canvass, and over appellee's objection. We are not authorized to alter this statutory limitation on the right to examine ballot boxes in a primary election. The determination of a time limit within which such examinations may be made is a legislative question.
Id. at 299-300 (emphasis added). Likewise, in Noxubee County Democratic Executive Committee v. Russell, 443 So.2d 1191, 1195 (Miss.1983), this Court determined that the 12 day period does not begin to run until the certification. While Russell involved a different statute than Miss.Code Ann. § 23-15-911, the language at issue was the same. In Russell, three days after certification, the losing candidate contested the results, but requested to examine the ballots on a date that was ten days after the certification and thus within the 12 day period.
¶ 7. Here, the primary election and certification was on August 5, 2003. Cook contested the primary election results on August 15, 2003, and requested to view the ballots on August 19, 2003. We find that pursuant to prior case law and the strict interpretation of the statute, Cook had to request and view the ballots on or before August 17, 2003, in order to comply with the requirements of Miss.Code Ann. § 23-15-911. Cook did not view the ballots within the 12 day time frame, and despite any argument concerning the three-day notice requirement to Brown contained in the statute, this Court cannot extend the statutorily mandated requirements. As held in Weeks, setting the time frame for viewing the ballots is a legislative function, and this Court has no authority to modify the 12 day statutory limitation. Weeks, 115 So.2d at 300.

2. The "forthwith" requirement.
¶ 8. This Court in Poindexter v. Southern United Fire Ins. Co., 838 So.2d 964, 966-67 (Miss.2003), set out the well-established standard of review for a motion to dismiss for failure to state a claim upon which relief may be granted, as follows:
A motion to dismiss for failure to state a claim under Mississippi Rule of Civil Procedure 12(b)(6) raises an issue of law. This Court reviews questions of law de novo. When considering a motion to dismiss, the allegations in the complaint must be taken as true, and *1078 the motion should not be granted unless it appears beyond doubt that the plaintiff will be unable to prove any set of facts in support of his claim. Sennett v. United States Fid. & Guar. Co., 757 So.2d 206, 209 (Miss.2000) (citations omitted).
See also Page v. Univ. of S. Miss., 878 So.2d 1003, 1004 (Miss.2004) (We apply a de novo standard when reviewing the granting of a Miss. R. Civ. P. 12(b)(6) motion); Roberts v. New Albany Separate Sch. Dist., 813 So.2d 729, 730 (Miss.2002); Arnona v. Smith, 749 So.2d 63, 65-66 (Miss.1999). As such we sit in the same position as the trial court. In Gulledge v. Shaw, 880 So.2d 288, 292 (Miss.2004) this Court held:
Our standard of review in considering motions to dismiss is well-settled. The grant or denial of a motion to dismiss under Rule 12(b)(6) of the Mississippi Rules of Civil Procedure raises a question of law that this Court reviews de novo. Black v. City of Tupelo, 853 So.2d 1221, 1223 (Miss.2003). To grant such a motion, "there must appear to a certainty that the plaintiff is entitled to no relief under any set of facts that could be proved in support of the claim." Little v. Miss. Dep't of Human Servs., 835 So.2d 9, 11 (Miss.2002). Thus, a Rule 12(b)(6) motion tests the legal sufficiency of the complaint. Id.

A. Statute.
¶ 9. The Mississippi Code permits an election candidate to contest a ruling by the election committee to the circuit court. Miss.Code Ann. § 23-15-927 states in relevant part:
When and after any contest has been filed with the county executive committee, or complaint with the State Executive Committee, and the said executive committee having jurisdiction shall fail to promptly meet or having met shall fail or unreasonably delay to fully act upon the contest or complaint, or shall fail to give with reasonable promptness the full relief required by the facts and the law, the contestant shall have the right forthwith to file in the circuit court of the county wherein the irregularities are charged to have occurred ... a sworn copy of his said protest or complaint, together with a sworn petition, setting forth with particularity wherein the executive committee has wrongfully failed to act or to fully and promptly investigate or has wrongfully denied the relief prayed by said contest, with a prayer for a judicial review thereof.
(emphasis added).

B. The Circuit Court Ruling.
¶ 10. The trial court held:
The term "forthwith" is not specifically defined in the statute, but has been judicially construed to mandate prompt filing of a petition in the Circuit Court by the aggrieved party. The term has been interpreted to mean as little as four days (e.g., Shannon v. Henson, 499 So.2d 758 (Miss.1986)) or as many as forty-one days (Smith v. Deere, 195 Miss. 502, 16 So.2d 33, 35 (1943)), depending on the circumstances of the case. Pearson v. Parsons, 541 So.2d 447, 450 (Miss.1989).
The trial court then set-out the arguments by Brown and Cook. The argument by Cook was that his case was similar to Smith because Cook filed his petition less than 41 days after the decision by the Democratic Executive Committee. See Smith, 195 Miss. 502, 16 So.2d at 33. The trial court held:
A review of Smith v. Deere reveals that the factual scenario in that case is unlike the instant action. In Smith v. Deere, the petitioner's delay in pursuing his action in Circuit Court was attributed, in *1079 part, to his need to obtain a Writ of Mandamus from the Circuit Court, and other intervening circumstances, which reasonably delayed the filing of the petition. In the instant matter, no intervening circumstances are alleged which modified that substance of Cook's basis for protesting the primary election. Cook argued that it took more time than he had anticipated to obtain the two required signatures from disinterested attorneys, which is a requirement for proceeding with the petition in Circuit Court, and that the conducting of his own independent investigation slowed the filing of his petition. However, the Court finds that the petition filed with the Committee and the petition filed with this Court do not evidence a new or independent investigation of any elaborate nature subsequent to the adverse decision by the Committee which would have delayed the filing of a petition for nearly forty (40) days.
Therefore, based on the foregoing, the Court finds that this matter was not filed "forthwith" as that term is defined in the law of this State, and the instant petition is therefore dismissed.

C. Analysis
¶ 11. This Court's interpretation of the term "forthwith" in the context of the statutory language of Miss.Code Ann. § 23-15-927 and its application to the set of facts before this Court today are the essence of this case. We find that the facts of this case favor Brown and affirming the trial court's ruling dismissing Cook's petition for judicial review pursuant to M.R.C.P. 12(b)(6) because he failed to timely file the petition. In this instance, Cook's filing of the petition 39 days after the Quitman County Democratic Executive Committee conducted the hearing on September 4, 2003 was not "forthwith" as required by the statute.
¶ 12. This Court has ruled on this issue in the past. There has never been an exact number of days determined as a minimum to meet the "forthwith" requirement. Instead, this Court has upheld the well-established and long standing principle stated in Pearson v. Parsons, 541 So.2d 447 (Miss.1989). In Pearson, this Court held:
This Court has held on several occasions that the term "forthwith" connotes no specific fixed time limit. Rather, its meaning depends upon consideration of the surrounding facts and circumstances and varies with each particular case. Smith v. Deere, 195 Miss. 502, 507, 16 So.2d 33, 35 (1943); Turner v. Henry, 187 Miss. 689, 695-96, 193 So. 631, 632 (1940); Harris [v. Stewart,] 187 Miss. [489] at 502-04, 193 So. [339] at 342 [(1940)].
Pearson, 541 So.2d at 450 (citing Shannon v. Henson, 499 So.2d 758, 764 (Miss.1986)). Indeed, this Court has upheld the "forthwith" requirement in a number of cases. In Shannon, 499 So.2d at 764, this Court interpreted four days as "forthwith". In Harris, 193 So. at 341, this Court held that seven days between the committee decision and the filing of the petition for judicial review was "forthwith" pursuant to statute. Also, in Pearson, 541 So.2d at 450, this Court upheld 13 days (nine working days) between the committee decision and filing of the petition for judicial review as meeting the "forthwith" requirement. Thus far, the maximum time between a committee decision and the filing of the petition for judicial review deemed to meet the "forthwith" requirement by this Court was forty-one days. Smith v. Deere, 195 Miss. 502, 16 So.2d 33, 35 (1943).
¶ 13. However, this Court has determined delays of less than forty-one days between a committee decision and the filing *1080 of the petition for judicial review to not be "forthwith." In Turner, 193 So. at 632, this Court held that twenty-six days did not meet the "forthwith" requirement. This Court stated "[t]wenty-six days, in our opinion, was stretching `forthwith' too far." Id.
¶ 14. Cook argues that the facts of this case demonstrate that he met the "forthwith" requirements of the statute. Cook first asserts that examination of the ballot boxes are necessary to determine whether to file an election contest. Part of Cook's argument pertains to the 12 day statutory period for requesting and viewing the ballot boxes and taking into consideration the required three day notice period to the other candidate. This issue was addressed above. In Weeks, this Court strictly construed the 12 day statutory limitation to review ballots and held that it has no authority to extend the statutory time frame. Weeks, 115 So.2d at 300.
¶ 15. Cook asserts that his petition alleges absentee voting fraud and the Committee's refusal to investigate the fraud. Cook also argues that he was forced to conduct his own investigation. He claims that the trial court appeared to have excluded a composite exhibit concerning an absentee ballot for Lee Edward Louis. Cook argues that this was relevant because on September 29, 2003, Lee Edward's sister swore that no one in his family requested a ballot for him and it had bearing on the "forthwith" requirement. In this vein, Cook also argued that the trial court applied the incorrect legal standard. He argues that the correct standard is set-out in Pearson and the meaning of "forthwith" is determined by taking the surrounding facts and circumstances into consideration. Pearson, 541 So.2d at 450 (citing Shannon, 499 So.2d at 764). Further, Cook argues that the jurisdictional affidavits from independent counsel were executed on October 10, 2003, and the surety bond was executed on October 13, 2003. Cook filed the judicial petition on October 13, 2003.
¶ 16. Brown argues that Cook failed to comply with the 12 day statutory requirement for viewing ballots pursuant to Miss. Code Ann. § 23-15-911. Further, Brown asserts that Cook failed to file his petition for judicial review in a "forthwith" manner to contest the election. Brown also claims that this case is distinguishable from Smith. Additionally, Brown claims that the petition to contest the primary election and the petition for judicial review contain the same information. Brown argues that even if all the allegations in Cook's petition could be proven or taken as true, Cook failed to timely file the petition. Finally, Brown argues that this statutory violation could not withstand the M.R.C.P. 12 scrutiny and was properly dismissed.
¶ 17. As stated previously the trial court ruled, in part:
However, the Court finds that the petition filed with the Committee and the petition filed with this Court do not evidence a new or independent investigation of any elaborate nature subsequent to the adverse decision by the Committee which would have delayed the filing of a petition for nearly forty (40) days.
¶ 18. We find that this case is distinguishable from Smith. See Smith, 195 Miss. 502, 16 So.2d 33. In Smith, the second primary election was held on August 24. Id. at 507, 16 So.2d at 35. The committee met on August 25 and the request to examine the ballot box was made on August 30, notice of hearing was made on September 3, a petition for writ of mandamus was filed on September 4, a petition for judicial review was made on October 14, the hearing was conducted on October 21 and the decision rendered on October 22. Id. The election was to occur *1081 on November 2. Id. at 506, 16 So.2d at 34. Smith's petition for a writ of mandamus was not disposed of on the date of the hearing for the petition for judicial review nor the final decision date. Id. The Court cited a number of delays, those mainly being various committee rulings against Smith. Id.
¶ 19. Here, Cook failed to request and view the ballots within the 12 day time frame. Also, his petition before the committee and the petition for judicial review do not demonstrate any substantially different basis for the petition or new investigation. There was no evidence of further action or obstacles to filing the petition for judicial review, the required attorney affidavits and surety bond in a more timely manner. Unlike Smith, there was no pending petition for a writ of mandamus, no pending motions and no litigation of any kind during the 39 day period between the Quitman County Democratic Executive Committee hearing on September 4, 2003, and the petition for judicial review with the Circuit Court of Quitman County on October 13, 2003. Accordingly, we find that the issue is without merit.

CONCLUSION
¶ 20. For the above reasons, the judgment of the Circuit Court of Quitman County is affirmed.
¶ 21. AFFIRMED.
SMITH, C.J., WALLER AND COBB, P.JJ., DICKINSON AND RANDOLPH, JJ., CONCUR. GRAVES, J., CONCURS IN RESULT ONLY. DIAZ AND CARLSON, JJ., NOT PARTICIPATING.
NOTES
[1] Miss.Code Ann. § 23-15-911 is derived from Miss.Code Ann. § 3169 (1942).