# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2023-EC-00586-SCT

*JA'NEKIA W. BARTON*

*v.*

*JENNIFER ADAMS-WILLIAMS*

<br>

| | |
|---|---|
| DATE OF JUDGMENT: | 05/15/2023 |
| TRIAL JUDGE: | HON. JEFF WEILL, SR. |
| TRIAL COURT ATTORNEYS: | SAMUEL L. BEGLEY |
| | SENICA MANUEL TUBWELL |
| | JOHN R. REEVES |
| COURT FROM WHICH APPEALED: | BOLIVAR COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | SENICA MANUEL TUBWELL |
| ATTORNEY FOR APPELLEE: | JOHN R. REEVES |
| NATURE OF THE CASE: | CIVIL - ELECTION CONTEST |
| DISPOSITION: | AFFIRMED - 06/01/2023 |

<br>

**EN BANC.**

**BEAM, JUSTICE, FOR THE COURT:**

¶1. Ja'nekia W. Barton sought to disqualify Jennifer Adams-Williams as a candidate for county prosecutor in Bolivar County, Mississippi, for failing to meet the two-year residency requirement set forth by Mississippi Code Section 23-15-300 (Supp. 2022). The Bolivar County Circuit Court denied Barton's petition, finding that Adams-Williams is clearly a resident of Bolivar County and has been for the required two-year residency period. Finding that the trial court applied the proper legal standard in its analysis and did not manifestly err in its factual findings, we affirm the judgment of the trial court.

## FACTS AND PROCEDURAL HISTORY

¶2.     Barton, the incumbent county prosecutor for Bolivar County, filed a challenge with the Bolivar County Democratic Executive Committee (BCDEC) to Adams-Williams's candidacy for that office in the Democratic primary election set for August 8, 2023. The sole issue considered by the BCDEC was whether Adams-Williams had met the two-year residency requirement for that county office. Finding in fact that Adams-Williams is a qualified elector in Bolivar County, the BCDEC denied Barton's challenge.

¶3.     Barton petitioned the Boliver County Circuit Court for judicial review. The trial court entered a final judgment on May 15, 2023, denying Barton's petition, and incorporating its findings of fact and conclusions of law in support of its decision. The trial court concluded that although Adams-Williams has many connections to neighboring Grenada County, Mississippi,

> including significant political and voting activity, none outweigh the overwhelming proof that [Adams-Williams] is and has been a resident, along with her family, for more than the two-year required residency period in the Bolivar County home in which she enjoys homestead status and engages in all activities of daily living.

¶4.     The trial court provided the unrebutted evidence concerning Adams-Williams's activities in Bolivar County and Grenada County, which we have summarized below.

¶5.     Adams-Williams was born and raised in Grenada County, and she has practiced law there since 2013. In October 2015, Adams-Williams married her husband, who is an undisputed resident of Bolivar County. The marriage certificate was issued in Bolivar County, and Adams-Williams and her daughter immediately moved themselves and all their

personal belongings into her husband's Bolivar County home. The home is located in Cleveland, Mississippi, a city located in Bolivar County. The husband was the sole owner of the home prior to his marriage to Adams-Williams.

¶6. The husband applied for homestead exemption on the property in 2015. Adams-Williams's name appears on the homestead application from 2016 after their marriage. Although Adams-Williams did not sign the application, she is listed as "spouse" on the application.

¶7. Adams-Williams and her husband have had three children of their own since their marriage. The three children are enrolled in school or daycare in Bolivar County and have been since they were old enough to be enrolled. Adams-Williams's daughter from her previous marriage was admitted as a student in Cleveland public schools and has attended school there since her mother's marriage in 2015.

¶8. Adams-Williams's vehicle, and her daughter's, are both registered in Bolivar County. In 2017, when renewing her driver's license, Adams-Williams changed her former Grenada address to her Bolivar address. She did not elect to change her voting registration at that time to her Bolivar address from her previous listed Grenada address at 141 Tallahoma Drive, Grenada County.

¶9. Since her marriage in October 2015, Adams-Williams has conducted the activities of family life, including sleeping and eating at the Bolivar County residence with her husband and family. She attends church regularly and visits her personal doctor in Bolivar County,

3

and she has done so since her marriage in 2015. No proof was offered that Adams-Williams has spent one night at the Grenada County address in the seven years since her marriage.

¶10. Adams-Williams commutes from her home in Bolivar to her law office at 141 Tallahoma Drive in Grenada County. The building is used by Adams-Williams solely as her law office. She receives most of her business mail at that address, and it is listed as her entry in the Mississippi Bar Lawyer Directory, as well as her Facebook page and her law office website.

¶11. The law office is located on a residential lot owned by Adams-Williams's mother. It has an exemption under the homestead statutes (Mississippi Code Sections 27-33-1 to -79 (Rev. 2017)) as the principal residence of her mother, who is age sixty-five or older. Her mother has not lived at this Grenada address for at least three years, having moved in with Adams-Williams's sister in DeSoto County. In October 2020, Adams-Williams posted on her Facebook page: "We have MOVED!!! Our new location is 141 Tallahoma Drive, Grenada, MS 38901. We are now in a home office setting. Let us handle all your legal needs!!!!"

¶12. Adams-Williams did not change her voter registration to Bolivar County until November 22, 2022. Adams-Williams voted regularly in Grenada County, from 2010 through November 8, 2022 (including on two occasions during the past two years: June 7, 2022, and November 8, 2022), using the Grenada County address. Adams-Williams admitted

4

that as a purported resident of Bolivar County, she voted illegally in Grenada County in those elections.[1]

¶13. Prior to her marriage in October 2015, Adams-Williams was a candidate in the August 2015 primary for the Grenada County prosecuting attorney, an election that she lost. Adams-Williams currently is and has been the municipal court prosecutor for the City of Grenada since before her 2015 marriage, and she has served as a special prosecutor for the City of Winona, located in Montgomery County. She also has served as a municipal court prosecutor in Indianola, Mississippi, located in Sunflower County. None of these appointed positions has a residency requirement.

¶14. Adams-Williams also has served as a special prosecutor in Grenada County, appointed by the Grenada County Board of Supervisors, which did not have a residency requirement.

---

[1] Adams-Williams acknowledged that Mississippi Code Section 23-15-11 (Rev. 2018) requires that a person be a resident of the precinct of his or her residence and that casting a vote in an election other than where the voter resides is an illegal vote and likewise could be prosecuted. *See* Miss. Code Ann. § 97-13-35 (Rev. 2020).

The trial court also directed in its final judgment that the Bolivar County Circuit Clerk provide an attested copy of the court's final judgment, along with its "Findings of Fact and Conclusions of Law" to the Grenada County, Mississippi, Election Commission pursuant to Mississippi Code Section 23-15-903 (Rev. 2018). As noted in the trial court's final judgment, this Section provides as follows:

> In addition to any other procedure provided by law, any person who has reason to believe that any election law has been violated may file a written complaint with the election commissioners of the county in which the alleged violation occurred. If the election commissioners determine the allegations in the complaint, if true, would be a violation of this chapter or Section 97-13-1, et seq., the election commissioners shall refer the complaint to the district attorney for prosecution.

Miss. Code Ann. § 23-15-903.

Adams-Williams testified that after the November 8, 2022 general election, the Bolivar County prosecutor position became vacant. She then applied to the Bolivar County Board of Supervisors to be appointed to that position, but the board (five-to-zero) denied the request and appointed Barton.

¶15. Adams-Williams currently serves as the Chairman of the Grenada County Democratic Party, and she has served in that role for the last several years. Adams-Williams maintained her notary public commission using the Grenada County address for several years. She changed her notary public commission address to Bolivar County four days after Barton formally contested Adams-Williams's candidacy based on residency.

## ANALYSIS

¶16. We review candidate qualification challenges de novo as to questions of law and for manifest error as to questions of fact. *Young v. Stevens*, 968 So. 2d 1260, 1262-63 (Miss. 2007) (citing *Ladner v. Necaise*, 771 So. 2d 353, 355 (Miss. 2000); *Boyd v. Tishomingo Cnty. Democratic Exec. Comm.*, 912 So. 2d 124, 128 (Miss. 2005)). Manifest error is highly deferential to a trial court sitting as fact finder without a jury because it "hear[s] all the testimony and observe[s] the demeanor of all the witnesses firsthand." *Meredith v. Clarksdale Democratic Exec. Comm.*, 340 So. 3d 315, 326 (Miss. 2022) (internal quotation mark omitted) (quoting *Coulter v. Dunn*, 312 So. 3d 713, 715 (Miss. 2021)). Thus, we may not interfere unless the trial court's "findings were the product of prejudice, bias, or fraud, or manifestly against the weight of the credible evidence." *Young*, 968 So. 2d at 1263 (citing *Boyd*, 912 So. 2d at 128). If the trial court's decision is supported by sufficient evidence it

6

will stand even if this Court might have made a different decision. *Meredith*, 340 So. 3d at 326-27.

¶17.    Pursuant to statute, "[a]ny candidate for any municipal, county or county district office shall be a resident of the municipality, county, county district or other territory that he or she seeks to represent in such office for two (2) years immediately preceding the day of election." Miss. Code Ann. § 23-15-300(1).

¶18.    For election purposes in Mississippi, "residence and domicile . . . are synonymous." *Hubbard v. McKey*, 193 So. 2d 129, 132 (Miss. 1966) (citing *Jones v. State*, 207 Miss. 208, 42 So. 2d 123 (1949)).  A person's residence or domicile is where that person "has his true, fixed, permanent home and principal establishment, and to which whenever he is absent, he has the intention of returning . . . ." *Young*, 968 So. 2d at 1263 (quoting *Smith v. Deere*, 195 Miss. 502, 505-06, 16 So. 2d 33, 34 (1943), *superseded by statute on other grounds as stated in Chandler v. McKee*, 202 So. 3d 1269 (Miss. 2016))).  As this Court expressed long ago, "[t]his is perhaps the most comprehensive and correct definition of the term which could be given." *Hairston v. Hairston*, 27 Miss. 704, 718-19 (1854).

¶19.    To constitute domicile, generally "[t]wo things must concur[:] . . . 'first, residence; and secondly, the intention of making it the home of the party.[']" *Id.* at 719.  Concisely, "[t]here must be the fact and the intent." *Id.* (internal quotation mark omitted).

¶20.    Once a domicile is established, it "continues until another is acquired; before a domicile can be considered lost or changed, a new domicile must be acquired by removal to a new locality with intent to remain there, and the old domicile must be abandoned without

7

intent to return thereto." *Young*, 968 So. 2d at 1263 (quoting *Smith*, 16 So. 2d at 34). "[N]o person has more than one domicile at a time." *Gunasekara v. Barton*, No. 2023-EC-00377-SCT, 2023 WL 3365567, at *5 (Miss. May 11, 2023) (internal quotation mark omitted) (quoting *Newman v. Newman*, 558 So. 2d 821, 825 (Miss. 1990)).

¶21. Here, Barton maintains that Adams-Williams did not abandon her Grenada County address as the trial court found, and she only took efforts to do so after the position for county prosecutor in Bolivar County became available sometime in late 2022. According to Barton, while Adams-Williams may have acquired a new residence in Bolivar County following her 2015 marriage, there is very little evidence that she truly intended to abandon her Grenada County residence.

¶22. We disagree. As the trial court found, while Adams-Williams has many connections to Grenada County, "including significant political and voting activity," the overwhelming proof shows that she resides in Bolivar County.

¶23. Since her marriage in 2015, Adams-Williams has lived with her husband in their marital home in Bolivar County. She is raising three children born to this marriage, along with her daughter from a previous marriage, in Bolivar County.

¶24. As many, many others do in this state, Adams-Williams commutes across the county line for her work. Adams-Williams has practiced law in Grenada County since 2013, and her current law office is located at her mother's former residence in Grenada County. Adams-Williams's post to Facebook saying "We have Moved!!! Our new location is 141 Tallahoma Drive, Grenada, MS 38901" was urged to be evidence that Adams-Williams is in fact a

8

resident of Grenada County. The trial court found, however, that the announcement clearly indicated that the purpose of the post was to direct business clients to her law office in Grenada County. Adams-Williams testified that she uses her office address for much of her business affairs and other activity. But this is simply because she wants her payments for services mailed to her business address in Grenada. The trial court found that these were minor facts that had "no weight" or probative value as to the residence issue before the court. We find no manifest error with the trial court's decision.

¶25. As for Adams-Williams's political activity in Grenada County and the fact that she had been appointed to positions of municipal or special county prosecutor, the trial court did not find that these activities weighed significantly in favor of Barton's petition on the question of Adams-Williams's residency. Again, we find no manifest error with the trial court's decision.

¶26. The only factor that the trial court found significantly relevant to the question of Adams-Williams's residency was her voting activity in Grenada County and her voter registration in Grenada County until as recently as November 22, 2022. As mentioned, the trial court ultimately found that this factor did not outweigh the other evidence demonstrating that Adams-Williams's principal residence is and has been with her family at their home in Bolivar County.

¶27. We find no manifest error with the trial court's finding on this factor as well. This Court has said that a "place where a man carries on his business or professional occupation" is a probative factor in determining "his domicil[e]." *Hairston*, 27 Miss. at 719. So too is

9

the place he or she votes and engages in political affairs. *Simmons v. Town of Goodman*, 346 So. 3d 847, 852 (Miss. 2022) (citing *Hale v. State Democratic Exec. Comm.*, 168 So. 3d 946, 952 (Miss. 2015)). But these are only probative factors, not conclusive ones.

¶28. This is not a case in which the party has "two residences at different seasons of the year" and where the trial court was tasked with determining which is the party's intended domicile for election qualification purposes. *Hale*, 168 So. 3d at 852. Since her marriage in 2015, Adams-Williams's "actual living arrangements" have been at one place, the marital home in Bolivar County. *Young*, 968 So. 2d at 1264 ("The determination of a person's 'permanent home and principal establishment' turns on actual proof of a person's living arrangements."). Despite Adams-Williams's business and political activities in Grenada County, including her recent voting activity, the overwhelming evidence shows that Adams-Williams's "true, fixed, permanent home and principal establishment" is in Bolivar County where she resides with her husband and children. *Id.* at 1264-65.

## CONCLUSION

¶29. We find no error in the trial court's finding that Adams-Williams's residence for election qualification purposes is her home in Bolivar County.

¶30. Due to the necessity for an expedited and final disposition of the instant appeal, under this Court's authority to suspend the rules pursuant to Mississippi Rule of Appellate Procedure 2(c), the Court finds that no motion for rehearing will be allowed and that this opinion shall be deemed final in all respects. The Court finds that the mandate in this matter shall issue immediately.

10

¶31. The Clerk of this Court is directed to send copies of this opinion to the Bolivar County Democratic Executive Committee and to the Secretary of State.

¶32. **AFFIRMED.**

**RANDOLPH, C.J., KITCHENS AND KING, P.JJ., COLEMAN, MAXWELL, CHAMBERLIN, ISHEE AND GRIFFIS, JJ., CONCUR.**